THE STATE, EX REL. P.O.B., INC., APPELLANT, *v.* HAIR, JUDGE, APPELLEE.
(Two cases.)

[Cite as State, ex rel. P.O.B., Inc., *v.* Hair (1986), 23 Ohio St. 3d 50.]

(Nos. 85-1213 and 85-1217—Decided April 9, 1986.)

*Frost & Jacobs, Pierce E. Cunningham* and *Jeffrey A. Lipps,* for appellant.

*Arthur M. Ney, Jr.,* prosecuting attorney, and *James W. Harper,* for appellee.

*Per Curiam.* The single issue for resolution here is whether appellee has the authority to proceed to a determination of the jurisdiction of her court with respect to the subject eviction action.

R.C. 1901.18(H) provides in part:

"Subject to section 1901.17 [monetary jurisdiction not to exceed

$10,000] of the Revised Code, a municipal court has original jurisdiction within its territory:

"* * *

"(H) In any action of forcible entry and detainer[.]"

In light of the record now before us and R.C. 1901.18(H), we find the following statement in *State, ex rel. Smith,* v. *Court* (1982), 70 Ohio St. 2d 213, 215 [24 O.O.3d 320], controlling in this joint action for mandamus and prohibition:

"The question of whether a writ of prohibition can be used to prevent the exercise of jurisdiction by an inferior court has often been addressed by this court. The rule which emerges from the myriad of cases is that '[a] court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction on the issue raised, and a party challenging its jurisdiction has a remedy at law in appeal from an adverse holding of the court that it has such jurisdiction, and may not maintain a proceeding in prohibition to prevent the prosecution of such action.' *State, ex rel. Miller,* v. *Court* (1949), 151 Ohio St. 397 [39 O.O. 232], paragraph three of the syllabus * * *."

We thus conclude that Judge Hair is empowered to decide the jurisdiction of her court in the underlying forcible entry and detainer action.

Further, appellant has available an adequate remedy in the form of appeal for which neither mandamus nor prohibition is a substitute. *State, ex rel. Dunphy,* v. *Graham* (1946), 146 Ohio St. 547, 548-549 [33 O.O. 22] (mandamus); *State, ex rel. Rhodes,* v. *Solether* (1955), 162 Ohio St. 559 [55 O.O. 440], paragraph one of the syllabus (prohibition); *State, ex rel. Woodbury,* v. *Spitler* (1973), 34 Ohio St. 2d 134 [63 O.O.2d 229], syllabus ("[e]xtraordinary writs may not be employed before trial as a substitute for the remedy of appeal").

Therefore, appellant has failed to allege facts sufficient to entitle it to have the requested writs of mandamus and prohibition issue; and, accordingly, we affirm the judgment of the court of appeals dismissing appellant's complaints.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.