THE STATE, EX REL. SANQUILY, APPELLANT, *v.* COURT OF COMMON PLEAS OF LUCAS COUNTY, APPELLEE.

[Cite as State, ex rel. Sanquily, *v.* Lucas Cty. Court of Common Pleas (1991), 60 Ohio St. 3d 78.]

(No. 90-279—Submitted January 8, 1991—Decided June 5, 1991.)

*Brown, Baker, Schlageter & Craig, David J. Simko* and *Mark E. Lupe,* for appellant.

*Anthony G. Pizza,* prosecuting attorney, and *James C. Walter,* for appellee.

*Per Curiam.* To obtain a writ of prohibition, a relator must show that the respondent is about to exercise judicial or quasi-judicial power, that such exercise of power is unauthorized

by law, and that the relator has no other adequate remedy at law. *State, ex rel. Fyffe,* v. *Pierce* (1988), 40 Ohio St. 3d 8, 531 N.E. 2d 673.

It is apparent that the appellee common pleas court intends to exercise judicial power over the merits of the malpractice case, for it has rejected Sanquily's argument that it lacks jurisdiction. The dispute centers on the other two elements of Sanquily's prohibition claim: whether the common pleas court may legally exercise such jurisdiction and whether Sanquily has an adequate remedy at law.

We find it clear that the common pleas court is unauthorized to exercise power over the merits of the case. R.C. 2743.02(F) provides in pertinent part:

"A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was *manifestly outside the scope of his* employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner *shall first be filed against the state in the court of claims,* which has *exclusive, original jurisdiction* to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action." (Emphasis added.)

Sanquily is an "officer or employee" of the state as defined in R.C. 109.36(A): " 'Officer or employee' means any person who, at the time a cause of action against him arises * * * is employed by the state; or is rendering medical * * * services pursuant to a personal services contract with a department, agency, or institution of the state. * * *'"

In the common pleas court, the Martins argued that the jurisdictional issue turned on whether Sanquily was a state employee "[i]n the context of this case." Because Sanquily was a "loaned servant" of a private hospital at the time of the alleged malpractice, the Martins contended, he was not an "officer or employee" for purposes of the litigation; therefore, R.C. 2743.02 (F) did not apply to him.

But under R.C. 2743.02(F), "officer or employee" must be defined according to R.C. 109.36(A). Under R.C. 109.36(A), " '[o]fficer or employee' means any person who, at the time a cause of action arises * * * is employed by the state * * *." Irrespective of whether Sanquily was a "loaned servant," he was employed by the state when the cause of action arose. He was therefore an "officer or employee" of the state for purposes of R.C. 2743.02(F). We therefore hold that the common pleas court's exercise of jurisdiction over the merits of the case is unauthorized by law until the Court of Claims decides whether Sanquily is immune from suit.

The final element that Sanquily must show to obtain the writ is that he lacks an adequate legal remedy. The court of appeals denied the writ largely because it considered Sanquily's legal remedy of appeal adequate.

We recognize that appeal is usually an adequate remedy for jurisdictional error. See, *e.g., State, ex rel. P.O.B., Inc.,* v. *Hair* (1986), 23 Ohio St. 3d 50, 23 OBR 125, 491 N.E. 2d 306; *State, ex rel. Smith,* v. *Court of Common Pleas* (1982), 70 Ohio St. 2d 213, 24 O.O. 3d 320, 436 N.E. 2d 1005, paragraph one of the syllabus. However, where there is a complete want of jurisdiction on the part of the inferior court, the writ will issue "to prevent usurpation of jurisdiction * * *." *State, ex rel. Adams,* v. *Gusweiler* (1972), 30 Ohio St. 2d 326, 329, 59 O.O. 2d 387, 388-389, 285 N.E. 2d 22, 24. In such a

case, "the availability or adequacy of a remedy of appeal * * * is immaterial * * *." *Id.* at 329, 59 O.O. 2d at 388, 285 N.E. 2d at 24. See, also, *Ohio Dept. of Adm. Serv.* v. *State Emp. Relations Bd.* (1990), 54 Ohio St. 3d 48, 53, 562 N.E. 2d 125, 130.

The common pleas court argues that it has "basic statutory jurisdiction to proceed," *Gusweiler, supra,* by virtue of R.C. 2305.01, which grants common pleas courts "original jurisdiction in all civil cases where the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts. * * *" Appellee reads *Gusweiler* for the proposition that, so long as a court has "basic statutory jurisdiction," such as R.C. 2305.01 gives the common pleas court here, prohibition is unavailable even if the court's exercise of jurisdiction amounts to usurpation.

This reading of *Gusweiler* is untenable. In *Gusweiler,* we said:

"If an inferior court is without jurisdiction whatsoever to act, the availability or adequacy of a remedy of appeal * * * is immaterial to the exercise of supervisory jurisdiction by a superior court to prevent usurpation by the inferior court. * * *

"It should be clearly understood that, where language seemingly to the contrary appears in our prior decisions, the inferior court had *at least* basic statutory jurisdiction to proceed in the case. * * *" (Citations omitted; emphasis added.) *Gusweiler, supra,* at 329, 59 O.O. 2d at 388-389, 285 N.E. 2d at 24.

It simply does not follow from *Gusweiler* that prohibition may *never* lie where "basic statutory jurisdiction" exists, and we have never so drastically limited the writ's scope. Indeed, we held just last term that where "a statute 'patently and unambiguously' prevents" a common pleas court "from exercising the general original jurisdic-

tion bestowed on common pleas courts by R.C. 2305.01," the common pleas court "is 'total[ly] and complete[ly]' * * * without any jurisdiction 'whatsoever' * * *." (Citations omitted.) *State, ex rel. The Ohio Co.,* v. *Maschari* (1990), 51 Ohio St. 3d 18, 20, 553 N.E. 2d 1356, 1359. See, also, *State, ex rel. Lewis,* v. *Warren Cty. Court of Common Pleas* (1990), 52 Ohio St. 3d 249, 556 N.E. 2d 1184; *State, ex rel. Ohio Bell Tel. Co.,* v. *Cuyahoga Cty. Court of Common Pleas* (1934), 128 Ohio St. 553, 556-557, 1 O.O. 99, 100, 192 N.E. 787, 788. Cf. *State, ex rel. Connor,* v. *McGough* (1989), 46 Ohio St. 3d 188, 546 N.E. 2d 407 (although R.C. 2125.01 gave trial court subject matter jurisdiction over wrongful death action, prohibition was granted where trial court clearly could not constitutionally exercise personal jurisdiction).

We need not, then, refuse the writ in every case where "basic statutory jurisdiction" exists. Indeed, nothing could illustrate that principle more clearly than the instant case. Although R.C. 2305.01 gives common pleas courts original jurisdiction in civil matters generally, R.C. 2743.02(F) patently and unambiguously takes it away from them in a specific class of civil cases. For the common pleas court to proceed would be to usurp the Court of Claims' jurisdiction; in a case so plain, we will not consign relator to his appellate remedy.

R.C. 2743.02(F) vests exclusive original jurisdiction in the Court of Claims to determine whether Sanquily is immune from suit. Until that court decides whether Sanquily is immune, the common pleas court is totally without jurisdiction over the litigation against him. Accordingly, Sanquily is entitled to a writ prohibiting the common pleas court from exercising jurisdiction over the merits of the case until the Court of Claims has decided whether he is entitled to personal im-

munity under R.C. 9.86 and whether the common pleas court has jurisdiction over the malpractice action.

The judgment of the court of appeals is reversed, and the writ of prohibition is allowed.

*Judgment reversed and writ allowed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.