WORRELL, APPELLEE, *v.* COURT OF COMMON
PLEAS OF ATHENS COUNTY, APPELLANT.

[Cite as *Worrell v. Athens Cty. Court of Common
Pleas* (1994), 69 Ohio St.3d 491.]

(No. 93–2293—Submitted April 19, 1994—Decided June 22, 1994.)

*Lee Fisher*, Attorney General; *Mollica, Gall, Sloan & Sillery Co., L.P.A., Gerald A. Mollica* and *Robert J. Gall*, for appellee.

*Robe & Robe, Edward S. Robe* and *Scott M. Robe*, for appellant.

*Per Curiam.* "For a writ of prohibition to issue, a relator must establish (1) that the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial power, (2) that the exercise of that power is unauthorized by law, and (3) that denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law." *State ex rel. Ruessman v. Flanagan* (1992), 65 Ohio St.3d 464, 465, 605 N.E.2d 31, 33. The parties agree that the common pleas court was about to exercise judicial power in considering the merits of Walker's complaint. Accordingly, the dispositive issues are whether

the common pleas court's attempted exercise of jurisdiction is improper and whether Worrell possesses an adequate remedy at law.

In its third proposition of law, the common pleas court asserts that Worrell has an adequate remedy at law by appeal to raise his allegation that the court lacks subject matter jurisdiction over Walker's complaint. The court of appeals determined that appeal did not constitute an adequate legal remedy.

In 1975, the General Assembly enacted the Court of Claims Act, R.C. Chapter 2743, creating the Court of Claims and specifying the manner in which actions could be brought in that court against the state and its officers and employees. *Conley v. Shearer* (1992), 64 Ohio St.3d 284, 286, 595 N.E.2d 862, 865. R.C. 2743.02(A)(1) provides:

"The state hereby waives its immunity from liability and consents to be sued, and have its liability determined, in the court of claims created in this chapter * * *.

"Except in the case of a civil action filed by the state, filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any officer or employee, as defined in section 109.36 of the Revised Code. The waiver shall be void if the court determines that the act or omission was manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner."

Effective October 20, 1987, the General Assembly amended the Court of Claims Act to add R.C. 2743.02(F), which, after minor changes, provides:

"A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of his employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action.

"The filing of a claim against an officer or employee under this division tolls the running of the applicable statute of limitations until the court of claims determines whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code." See 142 Ohio Laws, Part II, 3136.

Pursuant to R.C. 2743.02(F), the Court of Claims has exclusive, original jurisdiction to determine whether a state employee acted manifestly outside the scope of his employment or with malicious purpose, in bad faith, or in a wanton or reckless manner. *Conley, supra,* 64 Ohio St.3d at 287, 595 N.E.2d at 865. This

court has held that R.C. 2743.02(F) is not retroactive. *Nease v. Med. College Hosp.* (1992), 64 Ohio St.3d 396, 596 N.E.2d 432. Therefore, because Walker filed his common pleas court action on April 30, 1985, *i.e.*, prior to the enactment of R.C. 2743.02(F), we must review the judgment of the court of appeals without applying that provision.

In *Cooperman v. Univ. Surgical Assoc., Inc.* (1987), 32 Ohio St.3d 191, 513 N.E.2d 288, paragraph two of the syllabus, this court held as follows:

"A court of common pleas does not lack jurisdiction over an action against state officers or employees merely because the Court of Claims has not first determined that the act or omission, which is the subject of the action, was manifestly outside the scope of the officer's or employee's office or employment, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner, unless the aggrieved party has filed a suit in the Court of Claims based on the same act or omission. (R.C. 2743.02[A][1], construed and applied.)"

Worrell claims that since Walker first filed suit in the Court of Claims based on the same acts underlying his common pleas court action, the common pleas court patently and unambiguously lacks jurisdiction to consider Walker's complaint until the Court of Claims determines that Worrell is not entitled to immunity pursuant to R.C. 9.86. A broad reading of the second paragraph of the *Cooperman* syllabus arguably supports Worrell's argument. However, in *Cooperman, supra,* 32 Ohio St.3d at 197, 513 N.E.2d at 295, this court emphasized that a common pleas court lacks jurisdiction over an action against state officers or employees where the Court of Claims had not first determined the R.C. 9.86 immunity issue, but only "if the aggrieved party has also filed a *concurrent suit* in the Court of Claims based upon the same act or omission." (Emphasis added.) See, also, S.Ct.R.Rep.Op. 1(B), providing that "[t]he syllabus of a Supreme Court opinion states the controlling point or points of law decided in and necessarily arising from the facts of the specific case before the Court for adjudication." Although Walker had filed a suit against the state in the Court of Claims, that case was no longer pending, *i.e.*, concurrent, at the time he filed his complaint against Worrell in the common pleas court. See, *e.g.*, *Hawley v. Bowling Green State Univ.* (Sept. 2, 1988), Wood App. No. WD-87-32, unreported, 1988 WL 91327, citing *McIntosh v. Cincinnati* (1985), 24 Ohio App.3d 116, 24 OBR 187, 493 N.E.2d 321, and *Von Hoene v. State* (1985), 20 Ohio App.3d 363, 365, 20 OBR 467, 471, 486 N.E.2d 868, 872.

Thus, under the foregoing interpretation of *Cooperman*, the common pleas court has subject matter jurisdiction over Walker's complaint.

The common pleas court has general jurisdiction of the subject matter of the complaint. See R.C. 2305.01. " 'Absent a patent and unambiguous lack of

jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. *A party challenging the court's jurisdiction has an adequate remedy at law via appeal from the court's holding that it has jurisdiction.'"* (Emphasis *sic.*) *State ex rel. Bradford v. Trumbull Cty. Court* (1992), 64 Ohio St.3d 502, 504, 597 N.E.2d 116, 117–118, quoting *State ex rel. Pearson v. Moore* (1990), 48 Ohio St.3d 37, 38, 548 N.E.2d 945, 946.

The court of appeals determined that an appeal would not afford Worrell an adequate legal remedy based upon *State ex rel. Sanquily v. Lucas Cty. Court of Common Pleas* (1991), 60 Ohio St.3d 78, 573 N.E.2d 606. In *Sanquily,* we noted at 60 Ohio St.3d 78, 80, 573 N.E.2d 606, 609:

" * * * Although R.C. 2305.01 gives common pleas courts original jurisdiction in civil matters generally, R.C. 2743.02(F) patently and unambiguously takes it away from them in a specific class of civil cases. For the common pleas court to proceed would be to usurp the Court of Claims' jurisdiction; in a case so plain, we will not consign relator to his appellate remedy."

As noted previously, however, R.C. 2743.02(F) is not applicable in this case. Further, R.C. 2743.02(F) was enacted in response to the second paragraph of the *Cooperman* syllabus. See *Conley, supra,* 64 Ohio St.3d at 286, 595 N.E.2d at 865. The title to Sub.H.B. No. 267, which enacted R.C. 2743.02(F), states that the amendment is aimed at *"clarifying* the Court of Claims Law with respect to civil actions against state officers and employees [and] *clarifying* that the Court of Claims has exclusive, original jurisdiction over all types of civil actions against the state and its officers and employees, irrespective of the relief sought." (Emphasis added.) 142 Ohio Laws, Part II, 3134. This indicates that prior to the enactment of R.C. 2743.02(F), the jurisdictional issue was *not* patent and unambiguous.

In that the common pleas court possesses general jurisdiction over Walker's complaint and R.C. 2743.02(A)(1) does not patently and unambiguously divest the court of such jurisdiction under the particular facts and circumstances of this case, the court of appeals erred in granting Worrell a writ of prohibition as he possesses an adequate legal remedy via appeal.

Accordingly, the judgment of the court of appeals issuing a writ of prohibition is reversed.

*Judgment reversed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.