THE STATE EX REL. SOLEY, APPELLANT, *v.* DORRELL, JUDGE, APPELLEE.

[Cite as *State ex rel. Soley v. Dorrell* (1994), 69 Ohio St.3d 514.]

(Nos. 93–2182 and 93–2192—Submitted March 29, 1994—Decided June 29, 1994.)

*Crandall, Pheils & Wisniewski* and *David R. Pheils, Jr.,* for appellant.

*Anthony G. Pizza,* Lucas County Prosecuting Attorney, *Bertrand R. Puligandla* and *Jeffery B. Johnston,* Assistant Prosecuting Attorneys, for appellee.

---

*Per Curiam.* For the following reasons, we affirm the judgment of the court of appeals.

Appellee has filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim on which relief can be granted. As appellant points out in his motion to strike, such a motion has no place in an appeal. Therefore, we grant the motion to strike. See Civ.R. 1(C)(1). However, we treat the memorandum in support of the motion to dismiss as a brief on the merits.

For a writ of prohibition to issue, a court must find that the respondent is about to exercise judicial or quasi-judicial authority, that the exercise of such power is unauthorized by law, and that relator has no other adequate remedy at law. *State ex rel. Judson v. Spahr* (1987), 33 Ohio St.3d 111, 515 N.E.2d 911. The first element is clearly present; the other two are disputed.

The court of appeals first held that appellant had not established, by clear precedent, that a marriage of first cousins is void *ab initio.* While R.C. 3101.01 limits the right of marriage to those "not nearer of kin than second cousins," no statute or decision of this court states that a marriage between first cousins is

void *ab initio.* Therefore, the trial court has authority to weigh the evidence and decide the applicable law for itself. Appellant requests this court to short-circuit this process with a writ of prohibition and decide that first-cousin marriages are void *ab initio* in this state. Clearly, appellant does not seek a determination about a court's jurisdiction or authority; he seeks a decision on an unsettled aspect of the law of marriage. However, a trial court must have authority to determine the weight and sufficiency of the evidence establishing the relationship. Moreover, prohibition does not lie to prevent a merely erroneous decision by the trial court. *Kelley v. State ex rel. Gellner* (1916), 94 Ohio St. 331, 114 N.E. 255, paragraph three of the syllabus. Accordingly, we hold that appellee has authority to determine the law of marriage on this point, and thus is not acting without authority for which prohibition will intervene.

Because we hold that appellee is authorized by law to exercise judicial authority, the issue of adequate remedy to recover interim alimony payments is moot.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT and F.E. SWEENEY, JJ., concur.

PFEIFER, J., dissents.

RESNICK, J., not participating.