THE STATE EX REL. ENYART ET AL., APPELLANTS, *v.* O'NEILL, JUDGE, APPELLEE.

[Cite as *State ex rel. Enyart v. O'Neill* (1995), 71 Ohio St.3d 655.]

(No. 94–594—Submitted February 21, 1995—Decided April 5, 1995.)

*Brenda B. Alleman,* for appellants.

*Michael Miller,* Franklin County Prosecuting Attorney, and *Elizabeth A. Scott,* Assistant Prosecuting Attorney, for appellee.

---

*Per Curiam.* In order to obtain a writ of prohibition, appellants had the burden of proving that Judge O'Neill was about to exercise judicial or quasi-judicial authority, that exercise of this power was unauthorized by law, and that they had no other adequate remedy at law. *State ex rel. Keenan v. Calabrese* (1994), 69 Ohio St.3d 176, 178, 631 N.E.2d 119, 121. At the time appellants filed their prohibition action in the court of appeals, Judge O'Neill was about to exercise judicial authority to consider the merits of CMACAO's appeal of the arbitration decision. However, the court of appeals denied the writ on the basis that appellants possessed an adequate remedy by way of appeal.

Absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction has an adequate remedy at law by appeal. *Worrell v. Athens Cty. Court of Common Pleas* (1994), 69 Ohio St.3d 491, 495–496, 633 N.E.2d 1130, 1134; *State ex rel. Sanquily v. Lucas Cty. Court of Common Pleas* (1991), 60 Ohio St.3d 78, 573 N.E.2d 606. Although appellants, in a rambling argument on appeal, contend that Judge O'Neill patently and unambiguously lacked jurisdiction to grant the Civ.R. 60(B) motion for relief from judgment, this argument is premised on their claims that the motion was "frivolous" and was made without "any valid reasons." In effect, appellants contend that Judge O'Neill abused her discretion in granting the motion and vacating the judgment.

Pursuant to Civ.R. 60, a trial court retains jurisdiction to grant relief from its own judgment. See *Carlson v. Kalafut* (May 24, 1993), Mahoning App. No. 92 C.A. 52, unreported, 1993 WL 177589. Prohibition does not lie to prevent a merely erroneous decision by the court. *State ex rel. Soley v. Dorrell* (1994), 69 Ohio St.3d 514, 516, 634 N.E.2d 215, 216. In that Judge O'Neill possessed jurisdiction to rule on the Civ.R. 60(B) motion, the fact that she may have exercised that jurisdiction erroneously does not give rise to extraordinary relief by prohibition. The extraordinary remedy of prohibition may not be employed before trial on the merits, as a substitute for appeal to review " 'mere errors, or irregularities in the proceedings of a court having proper jurisdiction.' " *State ex rel. Levin v. Sheffield Lake* (1994), 70 Ohio St.3d 104, 109, 637 N.E.2d 319, 324, citing *State ex rel. Woodbury v. Spitler* (1973), 34 Ohio St.2d 134, 137, 63 O.O.2d 229, 231, 296 N.E.2d 526, 528; see, also, *State ex rel. Gyurcsik v. Angelotta*

(1977), 50 Ohio St.2d 345, 4 O.O.3d 482, 364 N.E.2d 284 (writ of prohibition denied where trial court granted relief from judgment based on Civ.R. 60[B][5] ).

In denying the requested writ of prohibition, the court of appeals noted:

" * * * The trial court granted relief from a prior judgment pursuant to Civ.R. 60(B). Relators contend the trial court had no jurisdiction to grant a Civ.R. 60(B) motion. Even assuming relators to be correct, what would be involved is an erroneous exercise of jurisdiction, not a total lack of jurisdiction to act. Relators contend that respondent was 'without jurisdiction whatsoever to act.' They set forth nothing more than the mere assertion and do not explain any basis for the assertion. Rather, relators allege that the adverse party failed to set forth any valid reasons for respondent to grant the Civ.R. 60(B) motion. If that be the situation, it is clearly an issue for appeal, which affords an adequate remedy.

"In short, relators have an adequate remedy at law by way of appeal of the order granting relief from judgment by vacating the earlier judgment in favor of relators."

Based on the foregoing, it is apparent that Judge O'Neill did not patently and unambiguously lack jurisdiction to grant the motion for relief from judgment, and appeal was an adequate remedy which precluded prohibition relief. In fact, appellants appealed both Judge O'Neill's judgment granting CMACAO's motion for relief from judgment and her subsequent entry on the merits. The appeal on the former was dismissed due to a failure by appellants to timely file a brief. Appellants' latter appeal concluded with a reversal in their favor. *Enyart v. Columbus Metro. Area Community Action Org.* (Sept. 6, 1994), Franklin App. No. 93APE12–1658, unreported, 1994 WL 485753. A discretionary appeal from that judgment was dismissed by this court in February 1995. 71 Ohio St.3d 1456, 644 N.E.2d 1028.

Accordingly, for the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.