[This opinion has been published in *Ohio Official Reports* at 71 Ohio St.3d 655.]

THE STATE EX REL. ENYART ET AL., APPELLANTS, *v*. O'NEILL, JUDGE, APPELLEE.

[Cite as *State ex rel. Enyart v. O'Neill*, 1995-Ohio-145.]

*Prohibition—Writ prohibiting judge from considering merits of appeal of an arbitration decision not allowed, when.*

(No. 94-594—Submitted February 21, 1995—Decided April 5, 1995.)

APPEAL from the Court of Appeals for Franklin County, No. 93APD10-1424.

———————————

{¶ 1} Appellants, William and Marilyn Enyart, were plaintiffs in an action in the Franklin County Common Pleas Court against William Enyart's employer, Columbus Metropolitan Area Community Action Organization ("CMACAO"). William Enyart claimed that CMACAO had wrongfully discharged him in retaliation for filing a workers' compensation claim. The case was referred to arbitration, and in August 1992, an arbitration panel issued a decision in favor of appellant William Enyart in the amount of $23,522.06.

{¶ 2} CMACAO filed a notice of appeal from the arbitration decision in the common pleas court, but failed to include a certificate of service as required by Civ.R. 5 and Loc.R. 19.01 of the Franklin County Court of Common Pleas. On February 16, 1993, appellee, Franklin County Court of Common Pleas Judge Deborah P. O'Neill, entered judgment dismissing CMACAO's appeal on the basis of its defective notice of appeal. On March 5, 1993, CMACAO filed a Civ.R. 60(B) motion for relief from the judgment dismissing the appeal.

{¶ 3} On April 27, 1993, Judge O'Neill issued an oral decision granting CMACAO's Civ.R. 60(B) motion and vacating her prior judgment dismissing the appeal. By *nunc pro tunc* entries filed September 17 and 24, 1993, Judge O'Neill's decision granting CMACAO's Civ.R. 60(B) motion was journalized. The basis of

the ruling was appellants' counsel's statement that she had been aware prior to the scheduled trial date in common pleas court that an appeal from the arbitration decision had been filed.

{¶ 4} On October 14, 1993, appellants filed a notice of appeal from Judge O'Neill's decision granting CMACAO's Civ.R. 60(B) motion. On the same date, appellants filed a complaint in the Court of Appeals for Franklin County seeking a writ of prohibition to preclude Judge O'Neill from proceeding further on the appeal from the arbitration decision. On October 20, 1993, Judge O'Neill proceeded to the merits of CMACAO's appeal and issued a decision granting summary judgment in favor of CMACAO. On January 27, 1994, the Court of Appeals for Franklin County denied appellants' complaint for a writ of prohibition.

{¶ 5} The cause is now before this court upon an appeal as of right.

_____

*Brenda B. Alleman*, for appellants.

*Michael Miller*, Franklin County Prosecuting Attorney, and *Elizabeth A. Scott,* Assistant Prosecuting Attorney, for appellee.

_____

***Per Curiam.***

{¶ 6} In order to obtain a writ of prohibition, appellants had the burden of proving that Judge O'Neill was about to exercise judicial or quasi-judicial authority, that exercise of this power was unauthorized by law, and that they had no other adequate remedy at law. *State ex rel. Keenan v. Calabrese* (1994), 69 Ohio St.3d 176, 178, 631 N.E.2d 119, 121. At the time appellants filed their prohibition action in the court of appeals, Judge O'Neill was about to exercise judicial authority to consider the merits of CMACAO's appeal of the arbitration decision. However, the court of appeals denied the writ on the basis that appellants possessed an adequate remedy by way of appeal.

2

**{¶ 7}** Absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction has an adequate remedy at law by appeal. *Worrell v. Athens Cty. Court of Common Pleas* (1994), 69 Ohio St.3d 491, 495-496, 633 N.E.2d 1130, 1134; *State ex rel. Sanquily v. Lucas Cty. Court of Common Pleas* (1991), 60 Ohio St.3d 78, 573 N.E.2d 606. Although appellants, in a rambling argument on appeal, contend that Judge O'Neill patently and unambiguously lacked jurisdiction to grant the Civ.R. 60(B) motion for relief from judgment, this argument is premised on their claims that the motion was "frivolous" and was made without "any valid reasons." In effect, appellants contend that Judge O'Neill abused her discretion in granting the motion and vacating the judgment.

**{¶ 8}** Pursuant to Civ.R. 60, a trial court retains jurisdiction to grant relief from its own judgment. See *Carlson v. Kalafut* (May 24, 1993), Mahoning App. No. 92 C.A. 52, unreported. Prohibition does not lie to prevent a merely erroneous decision by the court. *State ex rel. Soley v. Dorrell* (1994), 69 Ohio St.3d 514, 516, 634 N.E.2d 215, 216. In that Judge O'Neill possessed jurisdiction to rule on the Civ.R. 60(B) motion, the fact that she may have exercised that jurisdiction erroneously does not give rise to extraordinary relief by prohibition. The extraordinary remedy of prohibition may not be employed before trial on the merits, as a substitute for appeal to review "'mere errors, or irregularities in the proceedings of a court having proper jurisdiction.'" *State ex rel. Levin v. Sheffield Lake* (1994), 70 Ohio St.3d 104, 109, 637 N.E.2d 319, 324, citing *State ex rel. Woodbury v. Spitler* (1973), 34 Ohio St.2d 134, 137, 63 O.O.2d 229, 231, 296 N.E.2d 526, 528; see, also, *State ex rel. Gyurcsik v. Angelotta* (1977), 50 Ohio St.2d 345, 4 O.O.3d 482, 364 N.E.2d 284 (writ of prohibition denied where trial court granted relief from judgment based on Civ.R. 60[B][5]).

**{¶ 9}** In denying the requested writ of prohibition, the court of appeals noted:

"\*\*\* The trial court granted relief from a prior judgment pursuant to Civ.R. 60(B). Relators contend the trial court had no jurisdiction to grant a Civ.R. 60(B) motion. Even assuming relators to be correct, what would be involved is an erroneous exercise of jurisdiction, not a total lack of jurisdiction to act. Relators contend that respondent was 'without jurisdiction whatsoever to act.' They set forth nothing more than the mere assertion and do not explain any basis for the assertion. Rather, relators allege that the adverse party failed to set forth any valid reasons for respondent to grant the Civ.R. 60(B) motion. If that be the situation, it is clearly an issue for appeal, which affords an adequate remedy.

"In short, relators have an adequate remedy at law by way of appeal of the order granting relief from judgment by vacating the earlier judgment in favor of relators."

{¶ 10} Based on the foregoing, it is apparent that Judge O'Neill did not patently and unambiguously lack jurisdiction to grant the motion for relief from judgment, and appeal was an adequate remedy which precluded prohibition relief. In fact, appellants appealed both Judge O'Neill's judgment granting CMACAO's motion for relief from judgment and her subsequent entry on the merits. The appeal on the former was dismissed due to a failure by appellants to timely file a brief. Appellants' latter appeal concluded with a reversal in their favor. *Enyart v. Columbus Metro. Area Community Action Org.* (Sept. 6, 1994), Franklin App. No. 93APE12-1658, unreported. A discretionary appeal from that judgment was dismissed by this court in February 1995. 71 Ohio St.3d 1456, 644 N.E.2d 1028.

{¶ 11} Accordingly, for the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

———————