On October 26, 2000, James A. Hamester, relator, filed a "Complaint in Prohibition" requesting the Franklin County Court of Appeals, respondent, to issue a writ of prohibition "permanently enjoining and prohibiting it from entertaining jurisdiction." Relator's complaint provides in full as follows:
 1.) Relator represents to the court that on the 15th day of October 2000 he filed his complaint in the Franklin County Court of Appeals, Ohio for a violation of his Constitutional Rights, and personal service therein [or, service by publication was completed] on the 15th day of October 2000, and said action is now pending in said court.
 2.) Therefore, on the 15th day of of October 2000,
relator's said complaint was filed for his Constitutional Rights being violated, in the Franklin County Court of Appeals, Ohio the defendant-respondent herein, and obtained service of summon in said action on this relator on the 15th day of October 2000, which was subsequent to the obtaining of service in the action commenced by relator, as aftersaid.
 3.) The defendant-respondent will proceed to entertain jurisdiction of and hear and decide the said action commenced by relator's complaint unless prohibited from so doing by this court, and relator has no adequate remedy in the ordinary course of the law, and would result in injury, if not exercised by this court.
 Wherefore, relator PRAYS for a writ of Prohibition to said defendant-respondent, permanently enjoining and prohibiting it from entertaining jurisdiction in said action and from further proceeding therein, and that a temporary restraining order issue against said defendant-respondent from proceeding with such action until final disposition of this proceeding.
It appears that relator seeks a writ of prohibition from this court (the Franklin County Court of Appeals) to prevent this court (the Franklin County Court of Appeals) from exercising judicial authority over relator's October 15, 2000 "complaint for a violation of his Constitutional Rights."
In State ex rel. Corn v. Russo (2001), 90 Ohio St.3d 551, 554,740 N.E.2d 265, 268, the Ohio Supreme Court discussed a writ of prohibition as follows:
 "A writ of prohibition is an extraordinary remedy that is granted in limited circumstances with great caution and restraint. State ex rel. Henry v. Britt
(1981), 67 Ohio St.2d 71, 73, 21 Ohio Op.3d 45, 47, 424 N.E.2d 297, 298-299. Proceedings on a petition for a writ of prohibition test the subject-matter jurisdiction of the lower court. Thus, a writ of prohibition prevents an inferior court from exceeding its jurisdiction. State ex rel. Barton v. Butler Cty. Bd. of Elections (1988), 39 Ohio St.3d 291, 530 N.E.2d 871.
 For a writ of prohibition to be granted, the relator must prove that (1) the lower court is about to exercise judicial power, (2) the exercise of power is unauthorized by law, and (3) the relator possesses no other adequate remedy of law. State ex rel. Tollis v. Cuyahoga Cty. Court of Appeals (1988), 40 Ohio St.3d 145, 147, 532 N.E.2d 727, 729. However, even where an appeal may be available, `when a court patently and unambiguously lacks jurisdiction to consider a matter, a writ of prohibition will issue to prevent assumption of jurisdiction regardless of whether the lower court has ruled on the question of its jurisdiction.' Ohio Dept. of Adm. Serv. Office of Collective Bargaining v. State Emp. Relations Bd. (1990), 54 Ohio St.3d 48, 562 N.E.2d 125, syllabus; State ex rel. Sanquily v. Lucas Cty. Court of Common Pleas (1991), 60 Ohio St.3d 78, 80, 573 N.E.2d 606, 608. In such a case, "`the availability or adequacy of a remedy of appeal * * * is immaterial.'" Id. at 79, 573 N.E.2d at 607, quoting State ex rel. Adams v. Gusweiler (1972), 30 Ohio St.2d 326, 329, 59 Ohio Op.2d 387, 388, 285 N.E.2d 22, 24."
Although the Ohio Supreme Court and the court of appeals have concurrent jurisdiction in cases involving a writ of prohibition regarding a court inferior to the court of appeals, only the Ohio Supreme Court has jurisdiction in a case involving a writ of prohibition against a court of appeals. See Whiteside, Ohio Appellate Practice (2001) Section 10.48, 210-11. Thus, because a writ of prohibition must issue from a higher to a lower court," "[aim action in prohibition against a court of appeals must be brought in the Supreme Court." Id.
Consequently, this court has no authority to issue a writ of prohibition against itself. We therefore dismiss relator's writ of prohibition for lack of jurisdiction.