[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} Respondent Dr. Helen W. Hsu has petitioned for a writ of prohibition to prevent respondent Judge Norbert A. Nadel from taking further action in Botkin v. University Hospital, et al., No. A-9800579, and has asked this court to rescind the order denying her motion to dismiss for lack of subject-matter jurisdiction, and to issue an order granting her motion to dismiss for lack of subject-matter jurisdiction.
{¶ 2} Hsu has filed an uncontested motion for summary judgment in support of her petition. She argues that the trial court has no jurisdiction to proceed with the case because she is a state employee entitled to immunity. According to Hsu, the Court of Claims has exclusive, original jurisdiction to determine whether she is a state employee entitled to immunity under R.C. 2743.02(F). During oral argument before this court, Judge Nadel's counsel has conceded that, based on this court's decision in Johns v. Horton,[1] the trial court lacks subject-matter jurisdiction.
{¶ 3} Consistent with the Ohio Supreme Court decisions in State exrel. Sanquily v. Lucas Cty. Court of Common Pleas[2] and Conley v.Shearer,[3] we agreed in Johns v. Horton that R.C. 2743.02(F) vests the Court of Claims with exclusive, original jurisdiction to determine whether a state employee is entitled to immunity under R.C. 9.86. The statute patently and unambiguously takes away the trial court's original jurisdiction. Thus, until the Court of Claims makes the immunity determination, the court of common pleas has no jurisdiction over the case.
{¶ 4} Because the trial court completely lacks subject-matter jurisdiction until the Court of Claims determines whether Hsu is a state employee entitled to immunity, granting Hsu's motion to dismiss would have been not only proper, but also required. Hsu has established that she is entitled to a writ of prohibition.
{¶ 5} Accordingly, we grant Hsu's motion for summary judgment and hold that she is entitled to a writ prohibiting the trial court from exercising jurisdiction over the merits of the case before it until the Court of Claims has determined whether she is entitled to immunity under R.C. 9.86 and whether the court of common pleas has jurisdiction over the underlying claims against her.
{¶ 6} Therefore, the writ of prohibition is issued. Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Doan and Sundermann, JJ.
[1] Johns v. Horton, Hamilton App. No. C-010672, 2002-Ohio-3802, ¶ 40.
[2] See State ex rel. Sanquily v. Court of Common Pleas of LucasCty. (1991), 60 Ohio St.3d 78, 573 N.E.2d 606.
[3] See Conley v. Shearer, 64 Ohio St.3d 284, 1992-Ohio-133,595 N.E.2d 862.