OPINION
{¶ 1} On February 21, 2002, James D. Sullivan, then an inmate at the Southern Ohio Correctional Facility, filed a lawsuit in the Franklin County Court of Common Pleas against 14 named defendants, one John Doe and one Jane Doe. The first nine and one-half pages of the complaint which initiated the lawsuit lists various and sundry provisions and code sections. The tenth page of the complaint alleges that the parties recklessly and wrongfully failed to perform duties incumbent upon them. The sixteenth page of the complaint alleges another series of duties recklessly and/or wrongfully avoided. On the twenty-fifth page, Mr. Sullivan demands injunctive relief and declaratory judgment. He later asks for an award of damages and costs. He also attached 19 pages of appendices to the complaint.
{¶ 2} Along with the complaint, Mr. Sullivan filed a motion requesting a temporary restraining order and a preliminary injunction.
{¶ 3} On March 4, 2002, the trial judge assigned to the case sua sponte dismissed the case on the theory the lawsuit belonged in the Ohio Court of Claims.
{¶ 4} On April 2, 2002, James Sullivan filed a notice of appeal from the trial court's dismissal of the action. He has assigned two e rrors for our consideration:
{¶ 5} "FIRST ASSIGNMENT OF ERROR: The trial court erred to the appellant's prejudice in dismissing the complaint and motion for TRO/preliminary injunction when it should have ruled on the TRO and stayed the remainder of the proceedings.
{¶ 6} "SECOND ASSIGNMENT OF ERROR: The trial court erred to the prejudice of the appellant when it dismissed the complaint and motion for TRO/preliminary injunction when they contained federal claims not colnizable [sic] in the Ohio Court of Claims."
{¶ 7} Because the two assignments of error are interrelated, we will address them jointly.
{¶ 8} The complaint, for all its length, makes no mention of federal claims. In particular, Section 1983, Title 42, U.S. Code is cited nowhere. Other federal statutes are noticeably absent from any portion of the complaint which can be construed as actually stating a claim. The trial court had no reason to believe that Mr. Sullivan was doing anything but suing state officials in a state trial court. The trial court did not err in failing to imagine federal claims which Mr. Sullivan might have tried to assert or have wished to assert.
{¶ 9} The second assignment of error is overruled.
{¶ 10} The complaint consistently alleges failure by state officials to perform duties Mr. Sullivan alleges they were required to perform. The complaint also alleges that a variety of named and unnamed state officials did acts which they should not have performed.
{¶ 11} R.C. 2743.02(F) requires:
{¶ 12} "A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of his employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action.
{¶ 13} "The filing of a claim against an officer or employee under this division tolls the running of the applicable statute of limitations until the court of claims determines whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code."
{¶ 14} The Supreme Court of Ohio has interpreted R.C. 2743.02(F) as divesting common pleas courts of jurisdiction until such time as the Ohio Court of Claims has ruled on immunity questions. See State ex rel. Sanquily v. Lucas Cty. Court of Common Pleas (1991),60 Ohio St.3d 78. The complaint filed by Mr. Sullivan clearly raises the issues of immunity and action by state officials within the scope of employment. Thus, Ohio Supreme Court case law requires the dismissal journalized by the trial court and requires our affirming that dismissal.
{¶ 15} The first assignment of error is overruled.
{¶ } Both assignments of error having been overruled, the judgment of the trial court is affirmed.
Judgment affirmed.
PETREE and BRYANT, JJ., concur.