Lundberg Stratton, J.,
dissenting.
{¶ 33} I respectfully dissent from the decision to remand this matter for further proceedings. Instead, I would reverse the judgment of the court of appeals and deny the writ; grant the motion of Associated Physicians of MCO, Inc. (“Associated”), to intervene; and hold that Judge Zmuda correctly stayed *515 the action because the Court of Claims has exclusive original jurisdiction under R.C. 2473.02(F) to decide the issue of Dr. Temesy-Armos’s status as a state employee at the time of the alleged negligence.
{¶ 34} I agree that the denial of the motion to intervene was not a final, appealable order; however, I believe that the court of appeals should have permitted Associated to intervene. If Associated can appeal only the denial of intervention, while the remaining parties proceed to the merits, Associated would be left with a hollow victory and no voice in the actual debate — an illogical result. I believe that State ex rel. Bd. of State Teachers Retirement Sys. of Ohio v. Davis, 113 Ohio St.3d 410, 2007-Ohio-2205, 865 N.E.2d 1289, is persuasive. In that case, we determined that any error by the court of appeals in denying the motions to intervene was not prejudicial because the intervenors’ motions to dismiss would not have warranted a different result. Thus, the issue of intervention was moot. Id. at ¶ 51. Here, I believe that Associated’s motion to intervene was not moot, and we should consider the merits of its appeal.
{¶ 35} As for the portion of Associated’s appeal before the court, I disagree with the court’s conclusion to deny intervention because Associated did not file a pleading with its motion. Associated did file a responsive pleading under Civ.R. 7(A) on January 4, 2008, that sufficiently addressed the issues.
{¶ 36} I believe we have plenary authority in extraordinary actions to consider this appeal as if it had been filed in this court originally. State ex rel. Everhart v. McIntosh, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516, ¶ 9. The parties have adequately briefed the issue of whether Judge Zmuda had the authority to stay the action in the court of common pleas until the Court of Claims decided the issue of Dr. Temesy-Armos’s status as a state employee. Therefore, I would decide this case on the merits and deny the writ on the basis that Sawicki must first seek a determination in the Court of Claims as to Dr. Temesy-Armos’s status before Sawicki may proceed in the common pleas court on a theory of respondent superior against Associated.
{¶ 37} There is no dispute that Dr. Temsey-Armos was a state employee. However, Sawicki is claiming that the doctor had dual employment, thus implicating the liability of Associated. The Court of Claims has exclusive jurisdiction to determine whether the doctor was acting in the scope of employment with the state at the time of the alleged negligence. Johns v. Univ. of Cincinnati Med. Assoc., Inc., 101 Ohio St.3d 234, 2004-Ohio-824, 804 N.E.2d 19.
{¶ 38} I believe that Sawicki filed his action in the court of common pleas only because he failed to timely file in the Court of Claims and is now trying to circumvent the statute of limitations. Even if the statute of limitations has expired, a court of common pleas lacks original jurisdiction to determine the issue of state employment. Furthermore, a party may not waive such a determination *516 by the Court of Claims. See State ex rel. Sanquily v. Court of Common Pleas of Lucas Cty. (1991), 60 Ohio St.3d 78, 573 N.E.2d 606. In that case, the court of appeals rejected a similar attempt to avoid filing in the Court of Claims. Sanquily had alleged that the doctor in the underlying civil case was a state employee and a loaned servant to a private hospital at the time of the malpractice. The doctor filed an action for prohibition to prevent the Lucas County Court of Common Pleas from proceeding in the underlying case until the Court of Claims decided the issue of immunity. In allowing the writ, this court stated:
{¶ 39} “Irrespective of whether Sanquily was a ‘loaned servant,’ he was employed by the state when the cause of action arose. He was therefore an ‘officer or employee’ of the state for purposes of R.C. 2743.02(F). We therefore hold that the common pleas court’s exercise of jurisdiction over the merits of the case is unauthorized by law until the Court of Claims decides whether Sanquily is immune from suit.
{¶ 40} “ * * *
{¶ 41} “R.C. 2743.02(F) vests exclusive original jurisdiction in the Court of Claims to determine whether Sanquily is immune from suit. Until that court decides whether Sanquily is immune, the common pleas court is totally without jurisdiction over the litigation against him. Accordingly, Sanquily is entitled to a writ prohibiting the common pleas court from exercising jurisdiction over the merits of the case until the Court of Claims has decided whether he is entitled to personal immunity under R.C. 9.86 and whether the common pleas court has jurisdiction over the malpractice action.” Id. at 79-81, 573 N.E.2d 606.
(¶ 42} Any liability imputed to Associated would arise only under a theory of respondent superior based on the negligence of Dr. Temesy-Armos while acting within the scope of his employment as a private physician. Regardless of whether Sawicki is pursuing an action against the state, only the Court of Claims may determine Dr. Temesy-Armos’s employment status at the time of the alleged negligence — -whether a state employee or a private physician. Sawicki cannot circumvent a determination by the Court of Claims merely by proceeding only against Associated.
{¶ 43} In Conley v. Shearer (1992), 64 Ohio St.3d 284, 595 N.E.2d 862, we rejected Conley’s attempt to avoid filing in the Court of Claims even when he had filed an affidavit waiving his claims against the state in an attempt to maintain his action against a state employee in the court of common pleas. “Although Conley has waived any claim he had against the state, Shearer is still entitled to any immunity from suit that may exist. Such a rule bars plaintiffs with claims against state officers and employees from waiving claims against the state in the hope of maintaining an action against the officer or employee individually, thereby avoiding the jurisdictional prerequisite of R.C. 2743.02(F). Only after *517 the Court of Claims determines that a state employee acted outside the scope of his or her employment or acted with malicious purpose, in bad faith, or in a wanton or reckless manner may a plaintiff bring an action against the employee in a court of common pleas.” Id. at 288, 595 N.E.2d 862.
Barkan & Robon, Ltd., James M. Tuschman, and R. Ethan Davis, for appellee.
Marshall & Melhorn, L.L.C., Elizabeth E. Baer, and Kristen A. Connelly, for appellant Associated Physicians of MCO, Inc.
Julia R. Bates, Lucas County Prosecuting Attorney, and John A. Borell, Assistant Prosecuting Attorney, for appellants Court of Common Pleas of Lucas County and Judge Gene A. Zmuda.
{¶ 44} In conclusion, I would reverse the judgment of the court of appeals and deny the writ. I also would grant Associated’s motion to intervene. Therefore, I respectfully dissent.