[Cite as *Rohrer v. State*, 2015-Ohio-4872.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| John J. Rohrer, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 15AP-697 |
| v. | : | (C.P.C. No. 14CVC11-12387) |
| State of Ohio, Office of the Attorney General et al., | : | (ACCELERATED CALENDAR) |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on November 24, 2015

*David L. Kastner*, for appellant.

*Michael DeWine*, Attorney General, *Henry G. Appel* and *Marc S. Davis*, for appellees Bob Barnhart, Marc Baumgarten, Roger Carroll (aka Richard Carroll), Kelly Coon, Tiffany Cruz, Anthony Derrico, John Hamill, Mark Hurst, Jane Krason, Julia Long, Mark McGee, Jean Scott, Maida Sierra, Kiha Smith, David Soehner, and Brian Willard.

*Michael DeWine*, Attorney General, and *Zachary C. Schaengold*, for appellees John Scherff and Susan Pettit.

*Montgomery, Rennie & Jonson*, *Brian M. Spiess* and *Kimberly Vanover Riley*, for appellees the Honorable William Corzine and the Honorable Leonard Holzapfel.

*Mazanec, Raskin & Ryder Co., L.P.A.*, *Stacy V. Pollack*, *Todd M. Raskin* and *Frank H. Scialdone*, for appellee Ellen W. Ballerene, M.D.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1}    John J. Rohrer is appealing from the dismissal of numerous defendants in the lawsuit he filed in the Franklin County Court of Common Pleas.  He assigns three errors for our determination.

> [I.] THE TRIAL COURT'S DISMISSAL ENTRY FINDING IT LACKS SUBJECT MATTER JURISDICTION OVER THE INDIVIDUALLY NAMED DEFENDANTS VIOLATED OHIO REV. CODE SEC. 2743.02(F) BECAUSE ONLY THE COURT OF CLAIMS IS AUTHORIZED TO DETERMINE WHETHER COMMON PLEAS COURTS HAVE JURISDICTION OVER CIVIL ACTIONS AGAINST STATE EMPLOYEES.
>
> [II.] THE TRIAL JUDGE ERRED BY ENTERING A FINAL JUDGMENT OF DISMISSAL AGAINST ALL THE INDIVIDUAL DEFENDANTS, THEREBY VIOLATING PLAINTIFF'S OHIO CONSTITUTIONAL RIGHT TO A REMEDY AND HIS FEDERAL FIRST AMENDMENT RIGHT TO ACCESS TO THE COMMON PLEAS COURT FOR REDRESS, WHEN SUCH COURT REMAINS THE EXCLUSIVE FORUM FOR ALL SUCH TORT CLAIMS.
>
> [III.] THE TRIAL JUDGE ERRED BY ENTERING A FINAL JUDGMENT OF DISMISSAL, COUCHED IN TERMS OF BEING CONDITIONAL, WHEN NO SUCH DISMISSAL IS RECOGNIZED BY THE CIVIL RULES AND CANNOT SERVE AS A SUBSTITUTE FOR A STAY ORDER, WHICH WOULD HAVE BEEN MORE APPROPRIATE.

{¶ 2}    Rohrer's complaint, which initiated this lawsuit, runs 88 pages.  It lists a huge number of defendants, including judges, attorneys, and medical practitioners.  He alleges that the defendants acted maliciously, recklessly, and/or with another mental state which deprived them of their statutory immunity.  Apparently, he had filed a companion lawsuit in the Ohio Court of Claims a few days earlier.

{¶ 3}    The named defendants filed motions to dismiss.  The common pleas judge assigned to the case granted the motion, finding that the Ohio Court of Claims had exclusive jurisdiction over the issues in the lawsuit.  This appeal ensued.

{¶ 4}    The common pleas court judge relied upon R.C. 2743.02(F) in dismissing the lawsuit.  R.C. 2743.02(F) reads:

> A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the

officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims that has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action. The officer or employee may participate in the immunity determination proceeding before the court of claims to determine whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code.

{¶ 5} The trial court then found that the pertinent rulings of the Supreme Court of Ohio which interpreted R.C. 2743.02(F) clearly denied him of jurisdiction, citing in particular a part of *Conley v. Shearer*, 64 Ohio St.3d 284 (1992). At pages 287-86, the Supreme Court indicates:

If the Court of Claims determines that the employee's acts did not further the interests of the state, *i.e.,* the employee was acting outside the scope of his employment, maliciously, in bad faith, or in a wanton or reckless manner, the state has not agreed to accept responsibility for the employee's acts and the employee is personally answerable for his acts in a court of common pleas.

In a similar case recently decided by this court, we held that R.C. 2743.02(F) is a statute which "patently and unambiguously" takes away the common pleas court's original jurisdiction under R.C. 2305.01 in a specific class of cases. *State ex rel. Sanquily v. Lucas Cty. Court of Common Pleas* (1991), 60 Ohio St.3d 78, 80, 573 N.E.2d 606, 609. In Sanquily, this court allowed a writ of prohibition to prevent a court of common pleas from proceeding with an action against a state employee until the Court of Claims determined whether the employee was immune from suit. We concluded that "R.C. 2743.02(F) vests exclusive original jurisdiction in the Court of Claims to determine whether [an officer or employee of the state] is immune from suit. Until that court decides whether [the officer or employee] is immune, the common pleas court is totally without jurisdiction over the litigation against him." *Id.*

> * * * Only after the Court of Claims determines that a state employee acted outside the scope of his or her employment or acted with malicious purpose, in bad faith, or in a wanton or reckless manner may a plaintiff bring an action against the employee in a court of common pleas.

{¶ 6} The common pleas court clearly dismissed the lawsuit in its entirety. The dismissal is not in the least conditional. Perhaps later the common pleas court will have jurisdiction over some or all of these claims. For now, jurisdiction is vested in the Ohio Court of Claims as to all state entities.

{¶ 7} The third assignment of error is overruled.

{¶ 8} Contrary to counsel's assertion in the second assignment of error, John Rohrer has not been deprived of his right to remedy guaranteed by the Ohio Constitution. He still has a remedy, but it must be exercised in accord with the binding Ohio statutes, especially R.C. 2743.02(F) as interpreted by the Supreme Court of Ohio.

{¶ 9} The First Amendment to the United States Constitution does not direct the state to provide a remedy in a specific court. At most, it requires access to the court system in general.

{¶ 10} The second assignment of error is overruled.

{¶ 11} Turning to the first assignment of error, apparently John J. Rohrer was found to be not guilty by reason of insanity as a part of criminal proceedings conducted in Ross County, Ohio. Following that finding, he was confined for treatment of mental illness. As a part of his treatment, he was medicated.

{¶ 12} Rohrer felt that he should not have been either confined or medicated. As a result, he filed his lawsuit.

{¶ 13} Some of the named defendants were state employees. A few were not. Therefore, this appellate court has the duty to work through the 88-page complaint to determine if any of the named defendants should not have had the lawsuit dismissed for their benefit based solely upon a question of jurisdiction. As a matter of judicial efficiency, we should also see if some of these defendants clearly should have had their portion of the lawsuit dismissed for other reasons.

{¶ 14} A person who is named a defendant but not alleged to be a state agent or to be acting as a state agent is Kelly A. Coon, D.O. As to Dr. Coon, Rohrer is presenting a

medical claim, but has not complied with the requirements of Ohio law with respect to medical claims. The common pleas court had jurisdiction over Dr. Coon, but was correct to dismiss the lawsuit for failure to comply with the statutory requirements for medical claims.

{¶ 15} The complaint filed by Rohrer also lists as defendants the Office of the Ohio Public Defender, the Multi-County Program of the Office of the Ohio Public Defender (twice) and two attorneys from that office, John Scherff and Susan Pettit. The complaint alleges that on September 1, 2009, Rohrer assaulted another resident at a group home where they were living. As a result of the assault, Rohrer was charged with felonious assault and placed in custody in Ross County. A public defender, John Scherff, was appointed to represent Rohrer in September 2009.

{¶ 16} Apparently, the common pleas court in Ross County determined that Rohrer was not guilty by reason of insanity and scheduled a hearing to determine if Rohrer should be hospitalized. Rohrer's complaint about his appointed counsel was not that he was acquitted of a felony for which he could have been incarcerated for eight years, but that he was not fully advised about the commitment proceedings. The complaint acknowledges that Rohrer had or has mental health issues, specifically post-traumatic stress disorder, but claims he was not mentally ill when committed to hospitals for treatment. The complaint provides no insight as to why Rohrer was in a group home in the first place, but acknowledges that the trial court judge (also a named defendant) had access to at least some mental health records for Rohrer. The complaint filed on behalf of Rohrer was filed over four years after the commitment hearing and over two years after a follow-up commitment hearing. Thus, the complaint, on its face, indicates that any claim for legal malpractice was barred by the applicable statute of limitations for legal malpractice. Without deciding whether the public defenders are state agents immune from suit, the complaint was properly dismissed as to the public defender entities and attorneys in the public defender office based on the delay in filing suit.

{¶ 17} All the remaining named defendants are specifically accused of acting as state agents. If they are found not to be immune from suit, the case can be refiled. For now, there is no jurisdiction over claims against them.

{¶ 18} The first assignment of error is overruled.

{¶ 19} All three assignments of error having been overruled, the judgment of the trial court is affirmed.

*Judgment affirmed.*

BROWN, P.J., and DORRIAN, J., concur.

_____