Henry C. EVANS, Plaintiff,

v.

Richard F. CELESTE, et al.,
Defendants.

No. C2–87–1181.

United States District Court,
S.D. Ohio, E.D.

July 27, 1989.

Jonathan J. Downes, Columbus, Ohio, for plaintiff.

Anthony J. Celebrezze, Jr., Ohio Atty. Gen., and Timothy Mangan, Asst. Ohio Atty. Gen., Columbus, Ohio, for defendants.

## OPINION AND ORDER

GRAHAM, District Judge.

This matter is before the Court on the defendants' motion for the Court to reconsider its June 2, 1989 opinion and order in which it held that Ohio Rev.Code § 2743.02(F) was not intended by the Ohio General Assembly to apply retroactively.

Plaintiff brought this action on September 28, 1987 against his employer, the Ohio Bureau of Employment Services and various officials of the State of Ohio, both individually and in their official capacities. Plaintiff claims that the defendants discriminated against him by reassigning him to a job with lesser responsibilities, although at the same rate of compensation, in violation of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §§ 1983, 1985(3), Ohio Rev.Code Chap. 124, and in breach of his employment contract.

The Eleventh Amendment cloaks individual state officers with immunity from suit for money damages to the extent that they acted within the scope of their official responsibilities, and thus, were acting on behalf of the state. *Kentucky v. Graham*, 473 U.S. 159, 165–67, 105 S.Ct. 3099, 3104–3106, 87 L.Ed.2d 114 (1985). The State of Ohio, however, has waived this immunity to a limited extent and has consented to be sued, but only in the Ohio Court of Claims. Ohio Rev.Code § 2743.02(A)(1) (effective Feb. 7, 1978). Therefore, an action against a state officer who acted within the scope of his official responsibilities can only be brought in the Ohio Court of Claims. The court of claims, however, only has jurisdiction over claims against the state; therefore, an action against a state officer in his individual capacity must be brought in a court of common pleas or another forum.

The question then arises as to what forum is authorized to make the determination whether or to what extent a state officer acted within the scope of his official responsibilities. In *Cooperman v. University Surgical Associates, Inc.*, 32 Ohio St.3d 191, 513 N.E.2d 288 (1987), the Supreme Court of Ohio interpreted Ohio Rev. Code § 2743.02(A)(1) to mean that the court of claims has exclusive jurisdiction to make this determination but only if an action has been filed in the court of claims. *Id.* at 197, 513 N.E.2d 288. The Supreme Court further held that if an action has been filed only in another forum, that court has jurisdiction to make the determination and then proceed to try any claims against the individual officers in their individual capacities. *Id.* at 197–198, 513 N.E.2d 288.

Proceeding with great alacrity after *Cooperman* was decided, the Ohio General Assembly enacted Ohio Rev.Code § 2743.02(F), which stated as follows:

A civil action against a state officer or employee that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to civil immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action.

This subsection became effective on October 20, 1987, a mere forty-eight days after *Cooperman* was decided and twenty-two days after this action was filed. Pursuant to this subsection, only the court of claims

can make the determination whether a state officer was acting within the scope of his official responsibilities, even if an action has only been filed in another forum and there is no action pending in the court of claims.

■ The following courts have applied Ohio Rev.Code § 2743.02(F) retroactively on the ground that it is procedural and not substantive in nature, and therefore, retroactive application does not violate the Ohio constitution. *Parks v. Wilkins*, 716 F.Supp. 1028, 1029 (S.D.Ohio 1988); *Shew v. Greene*, No. CA88–09–070, slip op. at 3–5, 1989 WL 38943 (Warren Cty. App. April 24, 1989); *Clemmons v. Yaezell*, No. 11132, slip op. at 2, 1988 WL 142397 (Montgomery Cty. App. December 29, 1988). *See also Van Hoose v. Board of Education*, No. 87–CA–23, slip op. at 6, 1989 WL 29838 (Gallia Cty. App. March 27, 1989) (applying statute retroactively without discussion). In their motion for reconsideration, the defendants contend that the Ohio courts of appeals decisions are binding upon this court. This contention is erroneous. First of all, unpublished Ohio decisions are not binding on Ohio courts let alone federal courts. *See* Ohio S.Ct. Rule for the Reporting of Opinions 2(G). Furthermore, intermediate state court decisions are not binding on federal courts seeking to decide an issue of state law if the federal court is convinced that the highest state court would decide otherwise. *Commissioner v. Estate of Bosch*, 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967). As discussed in this Court's June 2, 1987 opinion and order, the Supreme Court of Ohio has clearly indicated that the issue of legislative intent must be resolved before the issue of the constitutionality of any retroactive application is reached. *Van Fossen v. Babcock & Wilcox Co.*, 36 Ohio St.3d 100, 104–06, 522 N.E.2d 489 (1988); *Kiser v. Coleman*, 28 Ohio St.3d 259, 262, 503 N.E.2d 753 (1986). Therefore, the cases cited by the defendants in which Ohio Rev. Code § 2743.02(F) was applied retroactively were clearly in error because they did not address the issue of legislative intent.

■ Under Ohio law, "[a] statute is presumed to be prospective in its operation unless expressly made retrospective." Ohio Rev.Code § 1.48. In the instant case, this presumption of prospective operation is raised because Ohio Rev.Code § 2743.02(F) does not expressly state that it shall apply retroactively. Nevertheless, the language of Ohio Rev.Code § 1.48 and case law interpreting it suggest that the presumption against retroactivity is not conclusive and can be rebutted. *See Cassaro v. Cassaro*, 50 Ohio App.2d 368, 372, 363 N.E.2d 753 (Cuyahoga Cty.1976); *Straub v. Voss*, No. 1009, slip op. (Medina Cty. App. Sept. 2, 1981) (cited in *Viers v. Dunlap*, 1 Ohio St.3d 173, 180–81 n. 9, 438 N.E.2d 881 (1982) (C.F. Brown, J., dissenting)). Although this Court has been unable to locate any Ohio authorities specifically delineating the showing necessary to rebut the presumption, Ohio Rev.Code § 1.49 does provide guidance.

If a statute is ambiguous, the court, *in determining the intention of the legislature*, may consider among other matters:

(A) The object sought to be attained;

(B) The circumstances under which the statute was enacted;

.  .  .  .  .

(E) The consequences of a particular construction.

*Id.* (emphasis added).

The circumstances under which Ohio Rev.Code § 2743.02(F) was enacted are quite telling. From the time Ohio Rev. Code § 2743.02 became effective on February 7, 1978 until *Cooperman*, only two Ohio courts of appeals considered the issue of whether a common pleas court, when no action was pending in the court of claims, could make the determination whether a state officer had acted within the scope of his official responsibilities. Those two courts of appeals held that the court of claims had exclusive jurisdiction under Ohio Rev.Code § 2743.02(A)(1) to make the determination and that the common pleas court should stay its action pending the court of claims' determination. *Walker v. Steinbacher*, 37 Ohio App.3d 1, 1–2, 523

N.E.2d 352 (Summit Cty.1987); *Von Hoene v. State of Ohio, Department of Rehabilitation and Correction, Division of Parole and Community Services,* 20 Ohio App.3d 363, 365–66, 486 N.E.2d 868 (Hamilton Cty. 1985). The Ohio General Assembly moved with great haste to amend the statute once the Supreme Court of Ohio held otherwise in *Cooperman.*

In addition, there is a long standing position under Ohio law that any claim against the State of Ohio or any of its officers or employees acting in their official capacity must be brought in the court of claims. The court of claims was created in 1975 to exercise exclusive jurisdiction over all civil actions brought against the state. Ohio Rev.Code § 2743.03. The determination as to whether the state is implicated by a particular claim involves the core of the state's sovereignty and affects whether it will be held liable for damages and whether recovery will made out of its treasury. Concerns of federalism and comity are certainly touched upon when a federal court seeks to make this determination.

A federal court may make a determination that a particular claim involves an officer acting in his official capacity and dismiss the claim on Eleventh Amendment grounds only to have the Ohio Court of Claims disagree with its determination, finding that the state is implicated only to a limited degree or not at all. Therefore, the potential exists for inconsistent results to be reached between a federal court and the court of claims. Since the federal court's findings would not be binding on the court of claims, judicial economy as well as comity concerns weigh in favor of a federal court staying any claims against state officers until the Ohio Court of Claims determines whether the officers were acting within the scope of their official responsibilities. Clearly, the Ohio General Assembly's objectives in enacting Ohio Rev.Code § 2743.02(F) were to eliminate the potential for conflicting results and to reaffirm its longstanding policy that issues relating to the State of Ohio's sovereign immunity be decided in the court of claims. These objectives would not be fully served without

retroactive application of Ohio Rev.Code § 2743.02(F). This Court concludes that the Ohio General Assembly did intend that Ohio Rev.Code 2743.02(F) should be applied retroactively and that the circumstances enumerated above rebut the presumption created in Ohio Rev.Code § 1.48.

The Court would here note that there is authority under Ohio law for the proposition "that the application of a statute, which affects *procedural* rather than substantive rights, to causes arising prior to the statute's effective date but tried thereafter is not an impermissible retroactive application." *Viers v. Dunlap,* 1 Ohio St.3d 173, 174, 438 N.E.2d 881 (1982), *overruled on other grounds but followed on this point by Wilfong v. Batdorf,* 6 Ohio St.3d 100, 451 N.E.2d 1185 (1983). *See also Denicola v. Providence Hospital,* 57 Ohio St.2d 115, 387 N.E.2d 231 (1979); *Kilbreath v. Rudy,* 16 Ohio St.2d 70, 242 N.E.2d 658 (1968). Therefore, the application of Ohio Rev.Code § 2743.02(F) to the instant case, which has not yet come on for trial, would be a prospective rather than a retrospective application.

In any event, having decided that the Ohio General Assembly intended for Ohio Rev.Code § 2743.02(F) to be applied retroactively, the Court must next consider whether such retroactive application is constitutional. The Ohio Constitution prohibits the Ohio General Assembly from enacting retroactive laws. Ohio Const. Art. II, § 28. This constitutional provision, however, has been interpreted only to prohibit the General Assembly from passing retroactive laws which impair substantive rights. *See, e.g., French v. Dwiggins,* 9 Ohio St.3d 32, 33, 458 N.E.2d 827 (1984). Ohio Rev.Code § 2743.02(F) is procedural in nature as it merely provides for exclusive jurisdiction in the court of claims for a particular issue and does not in any way affect the outcome of the issue or impair substantive rights. *See Parks v. Wilkins,* 716 F.Supp. 1028, 1029 (S.D.Ohio 1988) (Holschuh, J.); *Shew v. Greene,* No. CA88–09–070, slip op. at 3–5 (Warren Cty. App. April 24, 1989); *Clemmons v. Yaezell,* No. 11132, slip op. at 2 (Montgomery Cty. App.

December 29, 1988). Therefore, retroactive application is constitutional.

In order to pursue his state and federal claims against the individual officers, plaintiff must first file suit in the Ohio Court of Claims. Although filing suit in the court of claims constitutes a valid waiver of all federal and state claims against the individual officers, Ohio Rev.Code § 2743.02(A)(1); *Leaman v. Ohio Department of Mental Retardation & Development Disabilities,* 825 F.2d 946, 951–56 (6th Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 2844, 101 L.Ed.2d 882 (U.S.1988), a finding by the court of claims that the officers acted in their individual capacities voids the waiver. Therefore, both plaintiff's federal, as well as state law claims, should be stayed.

In conclusion, there is compelling evidence that the Ohio General Assembly intended for Ohio Rev.Code § 2743.02(F) to be applied retroactively, and therefore, the presumption of solely prospective application has been rebutted. The defendants' motion for reconsideration is GRANTED, and this Court's June 2, 1989 opinion and order is hereby RESCINDED. Plaintiff's state and federal law claims are STAYED pending a determination by the Ohio Court of Claims pursuant to Ohio Rev.Code § 2743.02(F). The only remaining claims are plaintiff's 42 U.S.C. §§ 1983, 1985(3) claims for injunctive relief against the State of Ohio. Since trial of these claims would necessitate trial of issues bearing upon all of the claims, in the interests of giving affect to the policies discussed in this opinion and order and of judicial economy, plaintiff's federal claims against the state are also STAYED pending the court of claims' determination.

The Court notes that plaintiff has moved for default on the grounds that the defendants failed to file timely answers. The defendants were not required to answer until after a ruling on their motion to dismiss and the Court's rulings have disposed of most of plaintiff's claims and have stayed the remainder. The Clerk of Courts is directed not to enter default in this case. This ruling will not prevent plaintiff from renewing his motion after the Court's stay has been lifted.

It is so ORDERED.