JOHNS, Appellant,

v.

HORTON, Appellee; University of Cincinnati Medical Associates, Inc. et al.

[Cite as *Johns v. Horton,* 149 Ohio App.3d 252, 2002-Ohio-3802.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–010672.

Decided July 26, 2002.

Lamkin, Van Eman, Trimble, Beals & Rourke and Kenneth S. Blumenthal, for appellant.

Freund, Freeze & Arnold, Mark A. MacDonald and David A. Ranz, for appellee.

MARK P. PAINTER, Presiding Judge.

{¶ 1} In this case, we have antithetical holdings from two courts on an issue of law. The Court of Claims determined that appellee, Dr. Robert Horton, an oral surgeon, was not entitled to immunity under R.C. 9.86 and 2743.02 and could be sued in his individual capacity in the court of common pleas. Subsequently, the court of common pleas determined that Horton was entitled to immunity from civil suit under R.C. 9.86 and 2743.02.

{¶ 2} This case also involved the consequences—intended or not intended—of University Hospital's ceasing to be a state agency. Now, actions against the hospital are brought in the common pleas court, but suits against the medical college or its subdivisions or employees must be litigated in the Court of Claims. Thus essentially one allegation of medical malpractice generates lawsuits in two forums, with the possibility of differing and perhaps conflicting results.

{¶ 3} Appellant Janice L. Johns appeals the determination by the court of common pleas, arguing that it lacked subject-matter jurisdiction to determine whether Horton, a state employee, was entitled to immunity from civil suit. Johns is correct. Thus, not only do we reverse the trial court's well-reasoned decision because its decision is a nullity, we also overrule our prior holding in *Jennings v. Univ. Ear, Nose & Throat Specialists, Inc.,*[1] upon which the trial court relied.

---

1. *Jennings v. Univ. Ear, Nose & Throat Specialists, Inc.* (Dec. 30, 1999), 1st Dist. No. C–980994, 1999 WL 1263691, appeal dismissed (2000), 88 Ohio St.3d 1497, 727 N.E.2d 921.

## I. The Common Pleas Complaint

{¶ 4} Johns initially sued, in the court of common pleas, for damages against six defendants: (1) University of Cincinnati Medical Associates, Inc. Division of Oral and Maxillofacial Surgery (University of Cincinnati Medical Associates, Inc.), (2) University of Cincinnati Medical Center University Oral & Maxillofacial Surgery Associates, (3) Horton, (4) Eve Bluestein, D.D.S., (5) V. Russell Boudreau, D.D.S., and (6) William B. Gibson, D.M.D. She later amended her complaint to add University Hospital, Inc., a private corporation. In her complaint, Johns alleged that Horton, Bluestein, Boudreau, and Gibson were acting within the scope of their employment and as employees or agents of University Medical Associates, Inc., University of Cincinnati Medical Center University Oral and Maxillofacial Surgery Associates, or University Hospital, Inc., when they caused permanent injury as a result of negligently performing oral surgery. She later requested and was granted leave to amend her complaint to add claims of fraud and battery.

{¶ 5} In their answer to the amended complaint, University of Cincinnati Medical Center University Oral & Maxillofacial Surgery Associates and Horton claimed, in part, that they were agents of the University of Cincinnati, a state institution, and were entitled to immunity. They also claimed that the Court of Claims had exclusive jurisdiction over the matter under R.C. Chapter 2743.

{¶ 6} Evidence in the record indicates that University of Cincinnati Medical Associates, Inc., was a billing entity that prepared and sent billing notices and collected money for medical services rendered by University of Cincinnati College of Medicine faculty members. Johns indicated on the record that she would dismiss this entity without prejudice, but the record fails to reflect such a dismissal.

{¶ 7} The record also indicates that University of Cincinnati Medical Center University Oral & Maxillofacial Surgery Associates was not a separate entity from the University of Cincinnati. Thus, that defendant was actually the state for purposes of R.C. Chapter 2743.[2] (After the Court of Claims had determined in the action filed before it that Horton was not entitled to immunity, Johns indicated on the record in common pleas court that she would dismiss her claims against University of Cincinnati Medical Center University Oral & Maxillofacial Surgery Associates. The record reflects no such dismissal.)

---

2. See *Thomson v. Harmony* (C.A.6, 1995), 65 F.3d 1314, 1315, citing *McIntosh v. Univ. of Cincinnati* (1985), 24 Ohio App.3d 116, 493 N.E.2d 321, and *Collins v. Univ. of Cincinnati* (1981), 3 Ohio App.3d 183, 444 N.E.2d 459.

## II. The Court of Claims Complaint

{¶ 8} Johns had filed a complaint for damages in the Court of Claims one day before she filed her lawsuit in the court of common pleas. She asserted the same claims raised in the court of common pleas, naming University Hospital, Inc., as the only defendant. She apparently amended her complaint, substituting the University of Cincinnati for University Hospital, Inc. (We do not have the record of that case, only copies of the complaint, a stipulation, and the judgment entry.)

{¶ 9} The Court of Claims stated in its judgment that it had held an evidentiary hearing to determine Horton's immunity under R.C. 9.86 and 2743.02(F). It explained, "At the hearing, counsel submitted a joint stipulation stating that during 1998 and 1999, Dr. Horton was an employee of the defendant; that plaintiff's claims against Dr. Horton do not arise out of the performance of his duties as an employee of defendant; and that Dr. Horton is not entitled to immunity under 9.86 with regard to the plaintiff's claims." (The stipulation actually was that Horton was an employee of the University of Cincinnati, but that the claims against him "d[id] not arise out of the performance of his university duties as defined by this court [Court of Claims] and by the Tenth District Court of Appeals.") The judgment further stated that "counsel for defendant" had produced a copy of a letter to Horton's counsel notifying him of the evidentiary hearing.

{¶ 10} Based on the evidence presented at the hearing, the Court of Claims determined that Horton had "acted outside the scope of his employment with defendant regarding any interactions with plaintiff" that were at issue. It concluded that Horton was not entitled to immunity under R.C. 9.86 and that the court of common pleas had jurisdiction over the underlying civil claims against him. This determination was not appealed.

## III. Court of Common Pleas—Motion for Immunity

{¶ 11} Approximately one year after the Court of Claims had determined that he was not immune from liability under R.C. 9.86, Horton moved for a determination of immunity in the common pleas court, asserting that he was entitled to immunity and that the court of common pleas had no jurisdiction over the claims against him. According to Horton, the care he had provided to Johns was rendered in the course of his appointment as a faculty member of University of Cincinnati, a state university.

{¶ 12} The trial court, after concluding that it was not precluded from doing so under *Tschantz v. Ferguson,*[3] *Jennings v. Univ. Ear, Nose, & Throat*

---

**3.** *Tschantz v. Ferguson* (1989), 49 Ohio App.3d 9, 550 N.E.2d 544.

*Specialists, Inc.,*[4] and *Hopper v. Univ. Hosp., Inc.,*[5] engaged in a careful analysis of the law and the facts, concluding that Horton was entitled to immunity because he was not acting manifestly outside the scope of his employment with "University Hospital" during Johns's surgery. (The court seemingly misspoke in its entry, meaning to refer to the University of Cincinnati, because University Hospital, Inc., is a private entity, and immunity for Horton under R.C. Chapter 2743 and R.C. 9.86 is inapplicable.)

{¶ 13} The common pleas court neither stayed nor dismissed the complaint before it pending the determination of the Court of Claims, nor did Horton request such action.

{¶ 14} The Ohio Supreme Court has determined that the Court of Claims is the only court with jurisdiction over a claim filed against the state and that the court of common pleas does not have concurrent jurisdiction.[6] It has also held that "the common pleas court's exercise of jurisdiction over the merits of [a] case is unauthorized by law until the Court of Claims decides whether [the employee] is immune from suit."[7] In this case, the court of common pleas exercised concurrent jurisdiction with the Court of Claims for ten months, during which time the depositions of Johns and Horton were taken, discovery proceeded, and the common pleas court granted leave to file an amended complaint.

{¶ 15} The court of common pleas relied heavily on Horton's deposition and attachments in its decision to grant immunity. Under Civ.R. 30, depositions may be taken *after* an action commences. And, as with all discovery proceedings, depositions are taken under the auspices of a court with subject-matter jurisdiction over the case. In this situation, the court of common pleas had no subject-matter jurisdiction over the case from the time it was filed, including when Horton's deposition was taken. Neither party has raised this issue. We mention it only to point out the morass we are confronted with.

## IV. The Appeal

{¶ 16} Johns raises two assignments of error in her appeal. In her first assignment, she contends that the trial court "abused its discretion" by exercising jurisdiction over the determination of Horton's immunity because the Court of Claims had exclusive, original jurisdiction to make that determination. In her

---

4. *Jennings v. Univ. Ear, Nose & Throat Specialists, Inc.,* supra.

5. *Hopper v. Univ. Hosp., Inc.* (June 22, 2000), Hamilton C.P. No. A–9801987.

6. See *Conley v. Shearer* (1992), 64 Ohio St.3d 284, 595 N.E.2d 862.

7. *State ex rel. Sanquily v. Lucas Cty. Court of Common Pleas* (1991), 60 Ohio St.3d 78, 79, 573 N.E.2d 606.

second assignment, Johns argues that the trial court's determination itself was erroneous. We need not answer Johns's second assignment because it is rendered moot by our conclusion that the Court of Claims has exclusive jurisdiction to determine whether a state employee is entitled to immunity.

## V. The Court of Claims Act

{¶ 17} It is only in the last century that a claimant has been allowed to sue the state or its employees for tort liability. (Though governmental immunity, at least in America, was the result of a legal blunder,[8] that issue is not before us.) It was in 1912 that the Ohio Constitution was amended so that actions could be brought against the state.[9] The amendment "constituted only an authorization for subsequent statutes in which the General Assembly could grant its specific consent to be sued."[10]

{¶ 18} In 1975, the General Assembly enacted the Court of Claims Act, which established how actions could be brought against the state and its officers and employees.[11] A major purpose of the legislation was "to centralize the filing and adjudication of all claims against the state. The Court of Claims was created to become the sole trial-level adjudicator of claims against the state, with the narrow exception that specific types of suits that the state subjected itself to prior to 1975 could be tried elsewhere if the defendant was a private party."[12] The provisions of the Court of Claims Act concern jurisdiction, waiver, and liability.

### A. R.C. 2743.03—Jurisdiction Over the State

{¶ 19} R.C. 2743.03 sets forth the general jurisdiction of the Court of Claims. It provides that the Court of Claims has "exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code, exclusive jurisdiction of the causes of action of all parties in civil actions that are removed to the court of claims, and * * * may entertain and determine all counterclaims, cross-claims, and third-party claims."[13]

---

8. See, generally, *Butler v. Jordan* (2001), 92 Ohio St.3d 354, 750 N.E.2d 554.

9. *Conley v. Shearer*, supra, 64 Ohio St.3d at 285, 595 N.E.2d 862.

10. Id.

11. See id. at 286, 595 N.E.2d 862.

12. *Friedman v. Johnson* (1985), 18 Ohio St.3d 85, 87, 18 OBR 122, 480 N.E.2d 82.

13. R.C. 2743.03(A)(1).

*B. R.C. 2743.02(A)(1)—The Waiver of the State's Immunity*

{¶ 20} The waiver portion of the Act provides that "filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any officer or employee, as defined in section 109.36 of the Revised Code. The waiver shall be void if the court determines that the act or omission was manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner."[14] Thus, by filing an action against the state, a claimant waives any other cause of action against a state employee unless and until the Court of Claims determines that the employee's act was manifestly outside his or her scope of employment. The waiver is not absolute. If the Court of Claims determines that the employee acted manifestly outside the scope of his or her employment or acted with malicious purpose, in bad faith, or in a wanton or reckless manner, the waiver becomes inoperative and a claimant can file a civil action against the employee in the court of common pleas.

{¶ 21} The waiver provision is significant because "[t]he determination as to whether the state is implicated by a particular claim involves the core of the state's sovereignty and affects whether it will be held liable for damages and whether recovery will be made out of its treasury."[15] As explained by the Sixth Circuit Court of Appeals in *Leaman v. Ohio Dept. of Mental Retardation & Developmental Disabilities*,[16]

{¶ 22} "The Ohio statute [R.C. 2743.02(A)(1) ] simply offers to make available an otherwise unavailable deep-pocket defendant, and an alternative forum, if prospective plaintiffs who think they have claims against the individual state employees voluntarily elect to waive suit against the employees in favor of suit against the employer.

{¶ 23} "* * *

{¶ 24} "In practical effect the Ohio Court of Claims Act is a standing offer for a settlement of claims against the state employees in exchange for an otherwise non-existent opportunity to sue the state itself for damages."[17]

---

**14.** R.C. 2743.02(A)(1).

**15.** *Evans v. Celeste* (S.D.Ohio 1989), 716 F.Supp. 1047, 1050.

**16.** *Leaman v. Ohio Dept. of Mental Retardation & Development Disabilities* (C.A.6, 1986), 825 F.2d 946.

**17.** Id.

### C. R.C. 2743.02(A)(2)—The State's Liability

{¶ 25} The liability portion of the Act is in R.C. 2743.02(A)(2). It states that if a state employee is entitled to personal immunity and the claimant proves that, but for the personal immunity, the officer or employee would be liable for his or her acts or omissions, the state will be held liable.

### D. R.C. 2743.02(F)—Jurisdiction Over State Employees' Immunity

{¶ 26} In 1987, the Ohio Supreme Court in *Cooperman v. Univ. Surgical Assoc., Inc.*,[18] held that "[a] court of common pleas does not lack jurisdiction over an action against state officers or employees merely because the Court of Claims has not first determined that the act or omission, which is the subject of the action, was manifestly outside the scope of the officer's or employee's office or employment * * *, unless the aggrieved party has filed a suit in the Court of Claims based on the same act or omission." The court found meritless the argument that the Court of Claims has exclusive jurisdiction unless and until it makes the determination that the state employee acted manifestly outside the scope of his or her employment or acted maliciously, in bad faith, or wantonly or recklessly.

{¶ 27} The court explained, "The portion of R.C. 2743.02(A)(1) upon which the appellants rely deals solely with the specific question of waiver, not the general question of jurisdiction. The statute provides that the waiver of any cause of action based on the same act or omission, which normally applies when a plaintiff files a civil suit in the Court of Claims, shall be void if the court determines that the act or omission was manifestly outside the scope of employment or committed maliciously, in bad faith, or wantonly or recklessly. No provision in the statute or elsewhere in R.C. Chapter 2743 implies that absent such a determination, a common pleas court is powerless to proceed in a suit against state officials where, as here, no action has been filed in the Court of Claims * * *."[19]

{¶ 28} Thus, in *Cooperman* the Ohio Supreme Court interpreted R.C. 2743.02(A)(1) to mean that if an action had been filed solely in the Court of Claims, the Court of Claims had the exclusive jurisdiction to determine whether an employee had manifestly acted outside the scope of employment. Otherwise, the waiver provision did not apply and the court of common pleas retained jurisdiction. (Until *Cooperman*, the two Ohio appellate courts that had considered the issue had determined that the Court of Claims had exclusive jurisdiction under R.C. 2743.02[A][1] to determine whether a state employee had acted within

---

18. *Cooperman v. Univ. Surgical Assoc., Inc.* (1987), 32 Ohio St.3d 191, 513 N.E.2d 288, paragraph two of the syllabus.

19. Id. at 197, 513 N.E.2d 288.

the scope of his employment, and that the court of common pleas should stay its action pending that determination.[20])

{¶ 29} Later that year, the legislature enacted R.C. 2743.02(F) to clarify the jurisdiction of the Court of Claims. Subsequently, the Ohio Supreme Court stated, "The title to Sub.H.B. No. 267, which enacted R.C. 2743.02(F), states that the amendment is aimed at '*clarifying* the Court of Claims law with respect to civil actions against state officers and employees [and] *clarifying* that the Court of Claims has exclusive, original jurisdiction over all types of civil actions against the state and its officers and employees, irrespective of the relief sought.' (Emphasis added.)"[21]

{¶ 30} R.C. 2743.02(F) states that "[a] civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of his employment or official responsibilities * * * shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action." The statute of limitations on the civil action is tolled "until the court of claims determines whether the officer or employee is entitled to personal immunity." This provision clearly makes the issue of immunity a jurisdictional question.[22] The General Assembly's objectives in enacting R.C. 2743.02(F) were (1) "to eliminate the potential for conflicting results" and (2) "to reaffirm the longstanding policy that issues relating to the State of Ohio's sovereign immunity be decided in the court of claims."[23]

### VI. Ohio Supreme Court Decisions Interpreting R.C. 2743.02(F)

{¶ 31} In *Conley v. Shearer*, the Ohio Supreme Court stated that "R.C. 2743.02(F) requires a plaintiff who potentially has a claim against the state as a result of a state employee's conduct to first file an action in the Court of Claims for an adjudication of whether the employee is entitled to immunity under R.C. 9.86."[24] We note that "adjudication" means "[t]he legal process of resolving a

---

20. *Evans v. Celeste,* supra, 716 F.Supp. at 1049, referring to *Walker v. Steinbacher* (1987), 37 Ohio App.3d 1, 523 N.E.2d 352, and *Von Hoene v. Ohio Dept. of Rehab. & Corr., Div. of Parole & Community Serv.* (1985), 20 Ohio App.3d 363, 486 N.E.2d 868.

21. *Worrell v. Athens Cty. Court of Common Pleas* (1994), 69 Ohio St.3d 491, 496, 633 N.E.2d 1130, quoting 142 Ohio Laws, Part II, 3134.

22. *Mullins v. Moore* (Jan. 22, 1992), 3d Dist. No. 1–90–67, 1992 WL 14354.

23. *Evans v. Celeste,* supra, 716 F.Supp. at 1050.

24. *Conley v. Shearer,* supra, 64 Ohio St.3d at 285, 595 N.E.2d 862.

dispute; the process of judicially deciding a case."[25]

{¶ 32} The court explained:

{¶ 33} "If the Court of Claims determines that the employee was acting within the scope of employment, in furtherance of the interests of the state, the state has agreed to accept responsibility for the employee's acts. * * * In that event, only the state is subject to suit, and the litigation must be pursued in the Court of Claims. If the Court of Claims determines that the employee's acts did not further the interests of the state, *i.e.,* the employee was acting outside the scope of his employment, maliciously, in bad faith, or in a wanton or reckless manner, the state has not agreed to accept responsibility for the employee's acts and the employee is personally answerable for his acts in a court of common pleas."[26]

{¶ 34} It further explained that it had held in *State ex rel. Sanquily v. Lucas Cty. Court of Common Pleas*[27] that "R.C. 2743.02(F) is a statute which 'patently and unambiguously' takes away the common pleas court's original jurisdiction under R.C. 2305.01 in a specific class of cases."[28] According to the court, R.C. 2743.02(F) unambiguously vests the Court of Claims with exclusive, original jurisdiction to determine whether a state employee is entitled to personal immunity. Thus, until the Court of Claims makes that determination, "the common pleas court is totally without jurisdiction" over the employee.[29] The court held that "[o]nly after the Court of Claims determines that a state employee acted outside the scope of his or her employment * * * may a plaintiff bring an action against the employee in the court of common pleas."[30] This rule, entitling an employee to any immunity that might exist, prohibits a claimant from waiving a claim against the state in the hope of suing a state employee individually and "avoiding the jurisdictional prerequisite of R.C. 2743.02(F)."[31] Thus, even if the claimant does not sue the state directly, the Court of Claims is

25. Black's Law Dictionary (7th Ed.1999) 42.

26. *Conley v. Shearer,* supra, 64 Ohio St.3d at 287, 595 N.E.2d 862.

27. *State ex rel. Sanquily v. Lucas Cty. Court of Common Pleas,* supra, 60 Ohio St.3d at 80, 573 N.E.2d 606.

28. *Conley v. Shearer,* supra, 64 Ohio St.3d at 287, 595 N.E.2d 862.

29. Id.; *State ex rel. Sanquily v. Court of Common Pleas of Lucas County,* supra.

30. *Conley v. Shearer,* supra, 64 Ohio St.3d at 288, 595 N.E.2d 862.

31. Id.

the court that determines whether there is a cause of action against the employee in his individual capacity.[32]

{¶ 35} In response to the claimant's equal-protection argument in *Conley*, the Ohio Supreme Court concluded that R.C. 2743.02(F) was rationally related to a legitimate legislative purpose, agreeing with the underlying appellate court's reasoning that a "determination of immunity by the Court of Claims, *in a single forum*, 'prevents the possibility of widely divergent interpretations of when R.C. 9.86 immunity applies.' "[33]

{¶ 36} In *Nease v. Med. College Hosp.*,[34] the Ohio Supreme Court answered "whether the Court of Claims erred in remanding [a] case to the court of common pleas for a second determination of whether [an employee] is immune from liability." In the underlying case, the Court of Claims had determined that the state employee had not acted wantonly or recklessly and granted her immunity. When the plaintiffs filed a motion for costs, the Court of Claims held that the motion was premature because the plaintiffs were entitled to relitigate the immunity issue before a jury in the common pleas court.

{¶ 37} Because the underlying action was initiated before the enactment of R.C. 2743.02(F), the Ohio Supreme Court applied the previous version of the Court of Claims Act. Also, *Nease* involved a removal action from the common pleas court. The Neases argued that the common pleas court had jurisdiction to determine the state employee's immunity under *Cooperman v. Univ. Surgical Assoc., Inc.* The Ohio Supreme Court disagreed, holding that *Cooperman* had no application because in *Cooperman* the state had not been named as a defendant, and thus the waiver provision of R.C. 2743.02(A)(1) was inapplicable. Because R.C. 2743.02(A)(1) was applicable in *Nease*, the claims against the employee were waived "pending a determination by the Court of Claims that [the employee's] conduct was wanton or reckless."[35]

{¶ 38} The Neases then argued that because a settlement agreement had removed the state as a defendant, and because R.C. 2743.02(E) provided that the only original defendant in the Court of Claims was the state, the Court of Claims was required to remand the case to the court of common pleas to determine the employee's immunity. The Ohio Supreme Court determined that the Court of

---

32. See *Gumpl v. Bost* (1992), 81 Ohio App.3d 370, 611 N.E.2d 343; *Clark v. Alberini* (Dec. 14, 2001), Trumbull App. No. 2001–T–0015, 2001 WL 1602967.

33. (Emphasis added.) *Conley v. Shearer*, supra, 64 Ohio St.3d at 292, 595 N.E.2d 862.

34. *Nease v. Med. College Hosp.* (1992), 64 Ohio St.3d 396, 397, 596 N.E.2d 432.

35. *Nease*, 64 Ohio St.3d at 399, 596 N.E.2d 432.

Claims properly retained jurisdiction until the determination of immunity, because "when an action against the state is filed, a cause of action against a state employee based on the same act or omission is waived and that waiver is void only upon a finding *by the Court of Claims* that the employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner."[36] Id. The waiver of the claims against the state employee would still be effective if the case were remanded before the Court of Claims determined immunity.

{¶ 39} Further, the Ohio Supreme Court determined that the remand by the Court of Claims after immunity had been established was improper because there was no need for an additional immunity determination. There was no right to relitigate the issue.

{¶ 40} In *Tschantz v. Ferguson*,[37] the Ohio Supreme Court held that a decision by the Court of Claims that an employee was not entitled to immunity rendered moot the question of whether the common pleas court had jurisdiction to stay an action "[that] requires an R.C. 2743.02(F) initial determination by the Court of Claims." The court concluded that "[t]he determination by the Court of Claims denying immunity vested jurisdiction over the tort claim in the court of common pleas."

{¶ 41} In 1997, while explaining that R.C. 4301.10(B)(1) created an immunity defense against suit, and not a jurisdictional defense to a declaratory-judgment action, the Ohio Supreme Court recognized that immunity was generally an affirmative defense that needed to be raised and proved. But it also acknowledged that this was not always the case. It stated, "In general, when the General Assembly has intended to abrogate the subject-matter jurisdiction of the Ohio courts in particular types of actions it has done so expressly."[38] It then gave R.C. 2743.02(F) as an example of express abrogation of subject-matter jurisdiction, emphasizing the phrase *"exclusive original jurisdiction."* Black's Law Dictionary defines "abrogate" as "[t]o abolish (a law or custom) by formal or authoritative action; to annul or repeal."[39] Thus, according to the Ohio Supreme Court, R.C. 2743.02(F) *abolished* the jurisdiction of the common pleas court to determine whether a state employee is entitled to personal immunity.

36. (Emphasis sic.) Id.

37. *Tschantz v. Ferguson* (1991), 57 Ohio St.3d 131, 566 N.E.2d 655.

38. *BCL Enterprises, Inc. v. Ohio Dept. of Liquor Control* (1997), 77 Ohio St.3d 467, 471, 675 N.E.2d 1.

39. Black's Law Dictionary (7th Ed.1999) 6.

### VII. Plain Language of R.C. 2743.02(F)

{¶ 42} The Court of Claims has exclusive, original subject-matter jurisdiction to determine whether a state employee is entitled to immunity. "Jurisdiction does not relate to the rights of the parties, but to the power of the court."[40] Accordingly, subject-matter jurisdiction is a court's "power to hear and decide a case upon its merits."[41] It "defines the competency of a court to render a valid judgment in a particular action."[42] Exclusive jurisdiction is "[a] court's power to adjudicate an action or a class of actions to the exclusion of all other courts."[43] Original jurisdiction is "[a] court's power to hear and decide a matter before any other court can review the matter."[44] The plain language of the statute vests only the Court of Claims with original subject-matter jurisdiction to determine whether a state employee has personal immunity.

{¶ 43} We recognize that R.C. 2743.02(F) contains the word "initially," in that the Court of Claims has "exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action." While, arguably, "initially" could suggest that a second determination might be made elsewhere, that interpretation would nullify the term "exclusive" as it is used in the statute. We agree with the Fourth Appellate District in *Nichols v. Villarreal*.[45] It explained:

{¶ 44} "We find, however, that the word 'initially' refers to the fact that the Court of Claims must determine immunity before determining liability. We decline to interpret the word 'initially' to mean that the Court of Claims may make the immunity determination, and then another trial court may second-guess that immunity determination. Such an interpretation would lead to unreasonable results, and thus violate the express command of R.C. 1.47(C) which requires courts to presume that the legislature, when passing a statute, intended 'a just and reasonable result.' Our reasoning is consistent with the Ohio Supreme Court decisions that have held [that] R.C. 2743.02(F) grants the Court of Claims exclusive, original jurisdiction over immunity questions."

---

40. *Executors of Long's Estate v. State* (1926), 21 Ohio App. 412, 415, 153 N.E. 225.

41. *Morrison v. Steiner* (1972), 32 Ohio St.2d 86, 61 O.O.2d 335, 290 N.E.2d 841, paragraph one of the syllabus.

42. Id.

43. Black's Law Dictionary (7th Ed.1999) 856.

44. Id.

45. See *Nichols v. Villarreal* (1996), 113 Ohio App.3d 343, 350, 680 N.E.2d 1259.

## VIII. The Court of Common Pleas Lacks Subject-Matter Jurisdiction to Determine State-Employee Immunity

{¶ 45} The court of common pleas has no jurisdiction over the immunity issue. Our review of Ohio Supreme Court cases and the unambiguous language of the statute make clear that R.C. 2743.02(F) is a jurisdictional statute that forbids the common pleas court to exercise power over the *merits* of a case against a state employee until the Court of Claims has resolved whether the state employee is immune from suit.

{¶ 46} R.C. 9.86 states that except in certain situations, "no officer or employee shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities * * *." By its terms, this statute requires a preliminary determination of the employee's status, and R.C. 2743.02(F) gives the Court of Claims exclusive jurisdiction to make that determination.

{¶ 47} If the Court of Claims denies immunity, the common pleas court has jurisdiction over the underlying *tort* claim, not jurisdiction to relitigate the immunity issue.[46] R.C. 2743.02(F) does not necessarily vest jurisdiction in the Court of Claims to pass on the merits of the underlying claim. Were the Court of Claims to determine that an employee was not entitled to immunity, the employee "would not have been able to relitigate the immunity issue in the common pleas court. * * * [T]he common pleas court then would have heard the case only on the merits, i.e., whether the appellees would have been liable for the charges [appellant] set forth in [the] complaint."[47]

{¶ 48} The finding of no immunity means only that the employee was not acting in furtherance of the interests of the state and, therefore, that the state is not liable for the employee's actions. The finding does not affect the merits of the tort claim against the employee, a matter to be tried in the common pleas court. When the state is the employer, the employee is deprived of asserting in the common pleas court that the state, as his employer, is liable for his conduct. If there is no constitutional right to sue the state, where the state consents to be sued, it "may qualify and draw perimeters around the granted right."[48]

{¶ 49} The question before the Court of Claims is this: Was the employee acting on behalf of the state, thus subjecting the state to liability and entitling the

---

46. See *Lowry v. Ohio State Hwy. Patrol* (Feb. 27, 1997), 10th Dist. No. 96API07–835, 1997 WL 84656, appeal dismissed (1997), 79 Ohio St.3d 1445, 680 N.E.2d 1019.

47. Id.

48. *Conley v. Shearer*, supra, 64 Ohio St.3d at 291, 595 N.E.2d 862.

employee to statutory immunity? Thus, if the Court of Claims finds that the employee was not acting for the state, then the remaining question before the court of common pleas is this: Is the employee liable for the alleged tort, taking his status as a state employee out of consideration? It is well to remember that the granting of immunity to an employee acting for the state is a departure from common law—normally, the agent *and* the employer are liable.

{¶ 50} If we were to conclude that the court of common pleas has jurisdiction to relitigate whether an employee has immunity, we would be conferring jurisdiction on the common pleas court to determine whether the state is liable in a civil action filed by a claimant. Such a determination would directly contravene R.C. 2743.02(A)(1), in which the state consents to have its liability determined only in the Court of Claims, as well as R.C. 2743.02(F). The state's liability can be determined only as permitted by statute.

{¶ 51} Our role is one of "judicial interpreters" and not "judicial lawmakers."[49] Thus, "[j]udicial perception that a particular result would be unreasonable may enter into the construction of ambiguous provisions, but cannot justify disregard of what [the legislature] has plainly and intentionally provided."[50] Given the Ohio General Assembly's interests in freeing Ohio's employees "from the intimidation of vexatious litigation, the burden of defending lawsuits, and personal liability"[51] and in having the employees' immunity determined in one forum so as to eliminate "widely divergent interpretations of when R.C. 9.86 immunity applies,"[52] the only conclusion we can draw is that the only court that has the jurisdiction to determine whether a state employee is entitled to personal immunity under R.C. 9.86 is the Court of Claims.

## IX. *Employee's Lack of Right to Appeal*

{¶ 52} We recognize that the Court of Claims Act raises a problem because the employee is without recourse to appeal the immunity determination because he or she is not a party to an action filed in the Court of Claims.

{¶ 53} R.C. 2743.02(E) states that the only defendant in an original Court of Claims action is the state. (An employee may become a defendant if an action is

---

**49.** See, e.g., Note, Court Denies Legislative Power and Sets Ohio State Highway Patrol Troopers above the Law: *Baum v. Ohio State Patrol* (1996), 21 U.Day.L.Rev. 835.

**50.** *C.I.R. v. Asphalt Products Co., Inc.* (1987), 482 U.S. 117, 121, 107 S.Ct. 2275, 96 L.Ed.2d 97.

**51.** *Conley v. Shearer,* supra, 64 Ohio St.3d at 291, 595 N.E.2d 862.

**52.** Id.

removed to the Court of Claims[53] or if the state files a third-party complaint.[54]) This is reasonable because the plaintiff, by filing an action in the Court of Claims, is suing the state and waiving any civil lawsuit against the state's employees.[55] The immunity afforded under R.C. 9.86 is immunity from a civil lawsuit and not from mere liability.[56] And the state is allowing its employees' conduct in furtherance of the state's goals to be imputed to it. Further, for the purposes of suing the state, an employee and the state are one because the state can act only through its employees. This obviously obviates any need for the employee to be named as a defendant in the Court of Claims.

{¶ 54} Prior to a determination of an employee's immunity in the Court of Claims, the employee cannot be sued, and "there is no claim under Ohio law upon which relief may be granted against state employees in their individual capacities."[57] This is not to say that the Court of Claims will refuse to consider the acts of the state's employee in determining his or her exposure to civil liability.[58] This is because the conduct of the employee will not be imputed to the state where it is manifestly outside the scope of state employment. Here lies the rub. The plaintiff is not suing the employee, and the state and the employee are one in the Court of Claims until a determination is made that the employee is not entitled to immunity. For the purposes of that determination, the employee's interests may differ from the state's interests because a determination of no immunity voids the plaintiff's waiver of a civil lawsuit against the employee. Reconciliation of this situation is difficult at best.

## X. The Precedents Are Confusing

{¶ 55} In *Jennings v. Univ. Ear, Nose & Throat Specialists, Inc.,*[59] we relied on *Tschantz v. Ferguson*[60] and *Landes v. Ohio State Univ.*

---

**53.** R.C. 2743.03(A)(1).

**54.** R.C. 2743.02(E).

**55.** See *Drain v. Kosydar* (1978), 54 Ohio St.2d 49, 56, 8 O.O.3d 65, 374 N.E.2d 1253.

**56.** See *Haynes v. Marshall* (C.A.6, 1989), 887 F.2d 700, 703; *Zweigart v. Nyquist* (Apr. 22, 1987), 1st Dist. No. C–860313, 1987 WL 10035.

**57.** *Haynes v. Marshall,* 887 F.2d at 705.

**58.** See *McIntosh v. Univ. of Cincinnati* (1985), 24 Ohio App.3d 116, 117, fn. 4, 24 OBR 187, 493 N.E.2d 321.

**59.** *Jennings v. Univ. Ear, Nose & Throat Specialists, Inc.,* supra, fn. 1.

**60.** *Tschantz v. Ferguson,* supra, fn. 3.

*Hosps.*[61] to support our conclusion that because *res judicata* required mutuality of parties, and an employee had not been a party or in privity with a party to an action in the Court of Claims, the employee was not bound by that court's determination and could relitigate the issue of immunity in the court of common pleas.

### A. No Mention of Employees' Standing

{¶ 56} The Tenth Appellate District, which decided *Tschantz* and *Landes,* is the reviewing court for the Court of Claims. It has struggled with the seeming unfairness of a state employee's inability to appeal an adverse immunity determination.

{¶ 57} In some cases, the employee appealed, the immunity determination was reviewed, and the propriety of the employee's standing as an appellant (and, thus, whether the employee was bound by a determination of the Court of Claims) was not addressed.[62] For example, in *Balson v. Ohio State Univ.,*[63] the Court of Claims granted the employees' motion for leave to intervene for the limited purpose of participating in the immunity hearing. After the hearing, the Court of Claims determined that the employees were not entitled to immunity because their actions were outside the scope of their employment. The employees appealed. The appeal was considered with no mention of the employees' standing.

### B. Lack of Standing Prevents Appeal

{¶ 58} In other cases, the Tenth Appellate District considered the employees' standing as an appellant a major issue. For example, in *Tschantz v. Ferguson,*[64] the court decided that, in a common pleas action, a state employee could not be bound by an immunity determination by the Court of Claims because the employee had been neither a party in the Court of Claims nor in privity with a party. The court's analysis rested on the facts that the state was the proper party in the Court of Claims and that the employee's right to a jury trial on the issue had been denied. This decision was not appealed.

{¶ 59} Subsequently, the Ohio Supreme Court concluded that the issue of immunity determined in an R.C. 2743.02(F) proceeding was a question of law to which no right to a jury trial attached.[65] But "[w]hile the Supreme Court has

---

**61.** *Landes v. Ohio State Univ. Hosps.* (Nov. 20, 1997), 10th Dist. No. 97API05–739, 1997 WL 723094.

**62.** See *York v. Univ. of Cincinnati Med. Ctr.* (Apr. 23, 1996), 10th Dist. Nos. 95API09–1117 and 95API09–1127, appeal dismissed (1996), 77 Ohio St.3d 1448, 671 N.E.2d 1285; *Allen v. Univ. of Cincinnati Hosps.* (1997), 122 Ohio App.3d 195, 701 N.E.2d 443.

**63.** *Balson v. Ohio State Univ.* (1996), 112 Ohio App.3d 33, 677 N.E.2d 1216.

**64.** *Tschantz v. Ferguson,* supra, fn. 3.

**65.** See *Conley v. Shearer,* supra, 64 Ohio St.3d at 292, 595 N.E.2d 862.

characterized R.C. 2743.02(F) proceedings as involving a legal issue, we recognize that, in some instances, a factual dispute underlies the primary issue of law involved in determining the state's responsibility for an employee's actions. To the extent that a factual dispute underlies the predominant legal determination of immunity, the trial court should conduct an evidentiary hearing [under R.C. 2743.02(F) ] to resolve the factual dispute."[66]

{¶ 60} The court determined, in *Lippert v. Med. College of Ohio,*[67] that an employee who was a third-party defendant brought into a lawsuit by the state was an actual party to the immunity proceeding and was, thus, bound by a determination of immunity by the Court of Claims. This conclusion was reached in spite of the appellate court's doubts concerning whether an employee could properly be a third-party defendant and the determination by the Court of Claims that the employee was not a party. The appellate court also concluded that because the Court of Claims had allowed the employee to participate in the immunity proceedings, his due-process rights had not been violated.

{¶ 61} In *Landes v. Ohio State Univ. Hosps.,*[68] the Court of Claims had ordered an immunity hearing, and the state employee had moved to intervene under Civ.R. 24. (It is unclear under which section of the rule the employee had moved.) Although overruling the motion, the Court of Claims had allowed the employee to participate in the hearing. The court determined that the employee was not entitled to immunity, and he appealed. The appellate court determined that the employee had no standing to appeal because he was not a party. It concluded that participation in the immunity hearing, including conducting discovery, presenting evidence, and cross-examining witnesses, did not confer party status. It also stated that to find the employee a party would contravene the clear language of R.C. 2743.02(E) that the state is the only defendant in an original action in the Court of Claims. The appellate court concluded that because the employee could not be a party, he could not be an "aggrieved party" and thus he was not bound by the immunity determination.

{¶ 62} It then distinguished *Landes v. Ohio State Univ. Hosps.* from *Lippert v. Med. College of Ohio*[69] (the employee was a party in *Lippert,* although not a proper party), *Balson v. Ohio State Univ.*[70] (the employee had been made a party

---

66. *Lippert v. Med. College of Ohio* (Dec. 1, 1992), Franklin App. No. 92AP–741.·

67. Id.

68. *Landes v. Ohio State Univ. Hosps.,* supra, fn. 59.

69. *Lippert v. Med. College of Ohio,* supra, fn. 64.

70. *Balson v. Ohio State Univ.,* supra, fn. 61.

in *Balson*), and *Nichols v. Villarreal*[71] (the employees in *Nichols* were parties through removal jurisdiction). It also stated that its decision was not inconsistent with the Ohio Supreme Court's decisions in *Conley v. Shearer*[72] (because *Conley* related only to whether the requirement that the Court of Claims determine personal immunity before an action against the employee could proceed in the common pleas court violated the Equal Protection Clause) and *Nease v. Med. College Hosps.*[73] (determining that R.C. 2743.02[A][1] bound a plaintiff to the determination that the employee was immune, but did not address the preclusive affect on the employee of a determination that he was not entitled to immunity).

{¶ 63} In *Smith v. Univ. of Cincinnati*,[74] the University of Cincinnati contended that the employees' appeal had to be dismissed under *Landes v. Ohio State Univ. Hosps.* The appellate court agreed and distinguished *Norman v. Ohio State Univ.*[75] (nonparty employee who participated in immunity determination could participate as an appellee) and *Allen v. Univ. of Cincinnati Hosp.*[76] (standing issue never raised).

{¶ 64} We find ourselves, then, in a situation where the precedents are all over the legal landscape. Decisions are conflicting. Parties and counsel cannot accurately determine what will happen in a given case, making litigation costs inevitable. The decisions are confused and conflicting because the legislation is confusing and conflicting. While predictability should be the hallmark of the law, what we have here is akin to chaos. We will attempt to clear up the confusion, but we despair of our ability to do so.

### C. Participation Confers Standing

{¶ 65} The Court of Claims, in *Norman v. Ohio State Univ. Hosps.*,[77] had allowed the employee to present evidence and to examine and cross-examine witnesses during the immunity hearing. The Court of Claims determined that the employee was immune. On appeal, the plaintiffs moved to strike all refer-

---

71. *Nichols v. Villarreal*, supra, fn. 43.

72. *Conley v. Shearer*, supra, fn. 6.

73. *Nease v. Med. College Hosp.*, supra, fn. 34.

74. *Smith v. Univ. of Cincinnati*, Franklin App. No. 01AP–404, 2001 WL 988022.

75. *Norman v. Ohio State Univ. Hosp.* (1996), 116 Ohio App.3d 69, 686 N.E.2d 1146.

76. *Allen v. Univ. of Cincinnati Hosp.*, supra, fn. 60.

77. See *Norman v. Ohio State Univ. Hosp.*, supra, fn. 75.

ences to the employee as an "appellee" in the state's brief and to prohibit the employee from filing an appellate brief. Because the employee had been allowed to participate at the immunity hearing as a party, the appellate court determined that he was entitled to participate in the appeal.

{¶ 66} The appellate court relied in part on Loc.R. 4.1 of the Ohio Court of Claims. That rule, in effect until November 1995, stated that during an immunity hearing under R.C. 743.02(F), the moving party, the state agency, and the officer or employee could submit evidence permitted under Civ.R. 56. The current version of the local rule allows any party to move for an R.C. 2743.02(F) hearing, but does not specify who may participate.

{¶ 67} In 2000, the Tenth Appellate District decided *Wayman v. Univ. of Cincinnati Med. Ctr.*[78] In that case, the employee, through the University of Cincinnati Medical Center, appealed the determination that he was acting outside the scope of his employment. The Court of Claims had held an immunity hearing. The employee was not a party to the proceedings but had been allowed to present evidence, to argue the immunity issue, and to otherwise participate as a party at the hearing. Relying on *Norman v. Ohio State Univ. Hosp.*, the appellate court determined that, having participated in the proceedings from which the appeal was taken, the employee was entitled to participate in the appeal and affirmed the determination of the Court of Claims. We believe that our colleagues in the Tenth District were correct.

{¶ 68} The next year, the Tenth District decided *Potavin ex rel. Potavin v. Univ. Med. Ctr.*[79] There, the employee-physician appealed a determination by the Court of Claims that she was not entitled to immunity. Upon granting the plaintiffs' motion for an immunity hearing under R.C. 2743.02(F), the Court of Claims had stated that the employee could participate in the evidentiary hearing either pro se or with counsel. Counsel represented her. The court determined that the physician was not an employee and was not entitled to immunity. Because none of the parties raised the issue of the employee's standing to appeal, the appellate court did not address it and heard the appeal.

{¶ 69} On appeal, the court stated that *Tschantz v. Ferguson* did not address "whether a decision concerning immunity is binding upon a court of common pleas when the individual was allowed to fully participate at both the trial and appellate level." It concluded that where an individual is allowed to fully participate in both the Court of Claims and the appellate court, the appellate

---

78. *Wayman v. Univ. of Cincinnati Med. Ctr.* (June 22, 2000), 10th Dist. No. 99AP–1055, 2000 WL 798797.

79. *Potavin ex rel. Potavin v. Univ. Med. Ctr.* (Apr. 19, 2001), 10th Dist. No. 00AP–715, 2001 WL 392492.

decision is binding on the court of common pleas "if it is related to the present action and involves the same parties and individuals involved in the present action."

## XI. The Right to Participate

{¶ 70} As the reviewing court for immunity determinations by the Court of Claims, the Tenth District has struggled with how to protect the interests of an employee in light of the plain language of the Court of Claims Act. On the one hand, the statute clearly states that the Court of Claims has the exclusive jurisdiction to determine initially whether an employee is immune, while the court of common pleas has jurisdiction over the underlying civil action if the employee is not granted immunity. On the other hand, the Court of Claims Act allows only the state to be a named as a defendant in an original action. Obviously, an employee and the state may have conflicting interests. If an employee is granted immunity, the state is potentially saddled with a major financial obligation. Thus, there is no guarantee that an employee's interests will be protected.

{¶ 71} Further, if an employee is not bound by a determination in the Court of Claims that he is not immune, then not only is the court of common pleas allowed to make a determination that the employee is immune, but that determination includes an implicit decision that the state is liable—a determination outside the subject-matter jurisdiction of that court.

{¶ 72} Of course, "legislation enjoys a presumption of constitutionality," a statute must "be given a constitutional interpretation if one is reasonably available," and "[t]he constitutional presumption remains unless it is proven beyond a reasonable doubt that the legislation is unconstitutional."[80] In this case, both the employee's procedural-due-process rights and the employee's constitutionally protected right to access to Ohio courts are called into question.

{¶ 73} We believe that the only just means to resolve this quagmire, and to constitutionally interpret a statute that the Ohio Supreme Court has already determined is unambiguous, is to conclude that an employee should ensure that his rights are protected by seeking the opportunity to participate in an R.C. 2743.02(F) immunity hearing, and if that opportunity is provided and the employee refuses to take advantage of the opportunity, the employee is bound by the immunity determination of the Court of Claims. In *Howell v. Richardson*,[81] the Ohio Supreme Court stated that the doctrine of collateral estoppel "applies likewise to those in privity with the litigants *and* to those who could have entered

---

80. *State v. Thompson*, 92 Ohio St.3d 584, 586, 752 N.E.2d 276.

81. (Emphasis added.) *Howell v. Richardson* (1989), 45 Ohio St.3d 365, 367, 544 N.E.2d 878.

the proceeding but did not avail themselves of the opportunity." It is the opportunity to do so, whether seized or not, that will preclude relitigation.[82]

{¶ 74} The Court of Claims has allowed nonparty employees to participate in immunity hearings. The Tenth Appellate District has allowed appeals by nonparty participants where they have been allowed to participate in the Court of Claims. Participation can be had by filing a motion to intervene for the limited purpose of the immunity proceedings, or when the Court of Claims sua sponte allows such participation. Further, although the state is the only defendant in the Court of Claims (unless the employee is brought in by removal of a common pleas case or as a third-party defendant), we do not see how that would prevent an employee from filing a Civ.R. 24(B)(2) motion to intervene limited to the immunity proceedings. R.C. 2743.02(D) provides that the Rules of Civil Procedure shall govern practice and procedure in all actions in the Court of Claims, except insofar as they are "inconsistent with this chapter." A limited intervention would not be inconsistent. In fact, it would be the vehicle for equitably resolving the problem.

{¶ 75} In this case, Horton was informed of the immunity hearing and chose not to participate. The Court of Claims made note of that in its judgment. Its decision was not appealed. Based on the patently unambiguous language of R.C. 2743.02(F), only the Court of Claims could determine Horton's immunity. Once it decided that Horton was not entitled to immunity, the common pleas court had subject-matter jurisdiction to determine only the merits of the negligence claims against Horton individually. Thus, we sustain Johns's first assignment.

{¶ 76} Because we have determined that the trial court had no jurisdiction to determine whether Horton was entitled to immunity under R.C. 9.86 and 2743.02(F), we need not review Johns's second assignment.

## XII. Conclusion

{¶ 77} Because the court of common pleas lacked subject-matter jurisdiction to determine whether Horton was entitled to immunity under R.C. 9.86 and 2743.02(F), its judgment was void ab initio, and this court has the inherent power to vacate a void judgment.[83] The trial court was constrained to act under this court's previous ruling in *Jennings v. Univ. Ear, Nose & Throat Specialists, Inc.*,[84] which we specifically overrule today.

---

**82.** See id.

**83.** *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941, paragraph four of the syllabus.

**84.** *Jennings v. Univ. Ear, Nose & Throat Specialists, Inc.*, supra, fn. 1.

{¶ 78} We believe that the proper resolution of the employee-immunity question can be accomplished as follows: (1) the Court of Claims has exclusive jurisdiction to determine employee immunity, (2) the employee may fully participate in the immunity proceedings before the Court of Claims and the issue may not be reexamined in the common pleas court, and (3) the employee may appeal a finding of nonimmunity by the Court of Claims. Were we to hold otherwise, the Court of Claims Act would be unconstitutional as applied to the present case, and others.

{¶ 79} Accordingly, we reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

DOAN and SUNDERMANN, JJ., concur.